BAILEY v. JANVIER.

---

(45 South. 932.)

No. 17,043.

BAILEY v. JANVIER et al.

(March 20, 1908.)

ELECTIONS—PRIMARY ELECTIONS—CONTESTS—PARTIES—VENUE.

The law (section 25, Act No. 49, p. 77, of 1906) authorizing a candidate in a primary election, who feels aggrieved by the decision of the state central committee upon his protest against the result, as promulgated by the Secretary of State, to have such decision reviewed by a court of competent jurisdiction, in a proceeding, by rule, against the "person declared by the committee to be the nominee," no more authorizes or contemplates a suit or proceeding against such committee, than against the Secretary of State, and as neither the one nor the other has any interest in the result of such suit there is no reason why either should be made, and no authority for making either, a party defendant therein. The only person whom the complaining candidate is authorized, or has any reason, to bring into court in such case is the opposing candidate or nominee, and the "court of competent jurisdiction," so far as he is concerned, is the court of his domicile.

Nicholls, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by James J. Bailey against Charles Janvier and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Paul Ambrose Sompayrac and Robert James Perkins, for appellants. Richard McCall McCulloh, Thomas Jones Kernan, Samuel Louis Gilmore, and James Clarke Henriques, for appellee.

### Statement.

MONROE, J. At the primary election held throughout the state by order of the Democratic state central committee, on February 25, 1908, James J. Bailey, plaintiff herein, and Paul M. Lambremont were opposing candidates for nomination to the office of Lieutenant Governor, and the Secretary of State, having tabulated and promulgated the returns, from which it appeared that Lambremont had received the nomination, forwarded a certified copy thereof to the chairman of the committee by which the election had been ordered. Plaintiff, within the delay allowed by law, protested "against the result, as set forth in the promulgation," and the committee to whom the protest was submitted having, after hearing the parties, decided adversely thereon, plaintiff filed in the civil district court for the parish of Orleans a petition, in which, first setting forth his cause of complaint, he prays that the "Honorable Charles Janvier, chairman of said state Democratic central committee, and the Honorable Albert Estopinal, chairman of the present state Democratic central committee, and the Honorable Paul M. Lambremont, who is illegally declared the nominee for the office of Lieutenant Governor by the said state central committee, be duly cited according to law, and that they all be ordered to show cause within the delay prescribed by law why the action of the state central committee

should not be declared the lawful nominee" (sic) "for the office of Lieutenant Governor, * * * and in case this court should deem it more proper and regular to remand this case to said committee, why the action complained of should not be set aside, and said committee be required to grant petitioner a full, free, and fair trial and hearing and determination of his aforesaid protest."

Upon the petition so filed, the judge a quo made an order reading:

."Let Charles Janvier, chairman of the Democratic state central committe, Albert Estopinal, chairman of the, Democratic state central committee, and Paul M. Lambremont, be cited, as prayed for, and let them show cause on Monday March 16th, 1908, at 11 o'clock a. m., why the action of the Democratic state central committee, in declaring Paul M. Lambremont the Democratic nominee for Lieutenant Governor of Louisiana, should not be reviewed by the court, and why James J. Bailey should not be declared the Democratic nominee for said office of Lieutenant Governor of the state of Louisiana at the general election to be held throughout the state, in April 1908, as prayed for."

And the parties named in the order appeared and excepted as follows, to wit:

"Now into * * * court comes Charles Janvier, made respondent herein, and for exception says"—

that the petition discloses no cause of action; that the committee of which he was chairman has ceased to exist, and has been succeeded by another state central committee of the Democratic party, of which he is neither chairman nor member; that he is not a proper party to the suit.

"Now into * * * court comes Albert Estopinal * * * and for exception * * * says"—

that the committee of which he is chairman is not the committee that ordered the primary election, and has no authority to hear or determine any protest with respect to the promulgation of the returns thereof, and that he is not, and cannot be made, a proper party to the suit.

"Now into * * * court comes Paul M. Lambremont, herein appearing for the sole purpose of excepting to the jurisdiction, * * *

and for exception says that this honorable court is without jurisdiction, ratione personæ, for this, to wit, that * * *, respondent herein, is domiciled in the parish of St. James * * *: that, under the law, this proceeding must be instituted in a court of competent jurisdiction at his domicile."

Upon the trial of these exceptions, it was admitted "that Paul M. Lambremont is domiciled in the parish of St. James * * *; that the committee of which Charles Janvier was chairman adjourned sine die, on March 12" (the day before the institution of this suit); "that the new committee, of which Albert Estopinal is chairman was organized on that date; and that the state central committee, which called the primary of January 28th and February 25th, met in the city of New Orleans."

The judge a quo maintained the exception to jurisdiction, and dismissed the suit, and plaintiff has appealed.

### Opinion.

The law relied on, as conferring the right to bring this suit and as regulating the proceedings herein, is contained in Act No. 49, p. 66, of 1906, entitled:

"An act to provide for calling, holding, conducting and regulating of primary elections; to provide that it shall be compulsory that all nominations to be made by any political party for candidates for the office of United States Senator, members of the House of Representatives in Congress, all state and parochial offices, members of the Senate and House of Representatives of the state of Louisiana, and of any city and ward officers in all cities, towns, and villages, shall be made by a direct primary; to define the term political party, under this act; to prescribe the qualifications of electors participating in, and candidates for nomination to be voted for at said primary election; to prescribe the number, and manner of choosing, commissioners who shall preside over, and conduct, said election; to provide the time and manner of conducting said primary election; to provide for the defraying of the expenses of said primary election; to provide the duties of the officers to whom returns are to be made; to provide what are offenses against, and to provide penalties for violations thereof, and to repeal all laws or parts of laws in conflict therewith."

The particular provisions under which plaintiff has proceeded, and is now asserting his rights, read:

"Sec. 23. * * * In primary elections held * * * for state officers voted for throughout the entire state * * *, commissioners of election shall deposit one of the tally sheets and one of the poll lists, signed and sworn to, as hereinbefore provided, in the ballot box and the other, duplicate, poll list and tally sheet, signed and sworn to as hereinbefore provided, shall be placed in a sealed envelope, directed to the Secretary of State, at Baton Rouge, La., and immediately forwarded to him through the United States mail.

*          *          *          *          *          *          *

"Sec. 25. * * * That, in all elections where returns are, by this act, provided to be made to the Secretary of State, he shall, immediately, proceed to tabulate and compile the same, and shall, within ten days after the date of said primary election, promulgate the same in the official journal of the state, and shall forward a certified copy thereof, under his signature and seal of office, to the chairman of the committee of the party ordering the primary. That, within five days after the promulgation of said returns, if any candidate should feel aggrieved at the result, he shall have the right to protest against the result as set forth in the promulgation, as hereinbefore provided for, by presenting a petition to the respective committee ordering the said primary by filing with the chairman of the said committee a written protest setting forth, clearly and distinctly, his grounds of protest. That, on the fifteenth day after the day of the holding of the said primary election, at 12 o'clock, noon, the respective committee ordering said primary shall reconvene at the same place as it met when it ordered the said primary and proceed to, immediately, hear and determine said protest within three days; provided, however, that any candidate feeling aggrieved by the decision of the committee shall have the right to have the same reviewed by a court of competent jurisdiction; and provided further that he shall, within twenty-four hours after the decision of the committee, apply to said court, which shall issue a writ requiring the person declared by the committee to be the nominee of the party to show cause, within forty-eight hours, why the action of the committee should not be reversed and set aside and the relief asked for granted, which rule shall be tried and decided, and the judgment thereon signed, either in open court or at chambers, within three days thereafter. An appeal from such decision may be granted, on simple motion, without citation, and shall be heard, on the original record and testimony, and finally decided, within five days from the rendition of the judgment of the court of first instance; and should such case not be so finally decided, on appeal, within said delay, then, the decision of said committee shall be final and effective."

It will be observed that, under this statute, a candidate for a party nomination who is dissatisfied with the result of the primary election, as ascertained and promulgated, from the face of the returns, by the Secretary of State, is accorded the right to present his protest and complaint to the committee by which the election was ordered, and if aggrieved by the decision of the committee is accorded the further, right to have such decision reviewed by a court of competent jurisdiction. The statute provides, in language that is susceptible of but one interpretation that for the purposes of such review the complaining candidate may "apply to said court" (that is to say, to "a court of competent jurisdiction") "which shall issue a rule requiring the person declared by the committee to be the nominee of the party to show cause, within forty-eight hours, why the action of the committee should not be reversed and set aside, and the relief asked for granted"; and it further provides that the rule so issued "shall be tried and decided, and the judgment signed, either in open court or at chambers, within three days thereafter"; and that "an appeal from such decision may be granted, on simple motion, without citation, and shall be heard, on the original record and testimony, and finally decided, within five days from the rendition of the judgment of the court of first instance," otherwise, the decision of the committee to stand as "final and effective." Under the law upon which plaintiff relies, therefore, and under which alone he can invoke the intervention of a court of justice for the remedying of the wrong alleged to have been done him by the constituted authority of the political organization of which he is a member, the issue is to be tried between him and his opponent, who has been declared to have received the nomination.

The law proceeds upon the theory that neither the Secretary of State, by whom the returns have been tabulated and the result promulgated, and who has forwarded certified copies of such returns to the committee by which the election was ordered, nor the

committee which has received such copies, and has heard and acted upon the protest of the complaining candidate, has any other or further interest in the matter.

Having done all that the law required them to do—that is to say, the Secretary of State having tabulated the returns, as he found them, promulgated the result, and forwarded the copies, and the committee having received such copies and entertained and acted on the protest of the complaining candidate, the functions of those authorities were at an end, and there was, and is, nothing more for them to do; the question, whether the one or the other of the two candidates has received the nomination in dispute, being relegated to a lawsuit, which the complaining candidate may institute if he thinks proper, and the only other party to which, under the law, is to be the person who has been declared the nominee.

The statute requires that the suit shall be brought in a court of competent jurisdiction (and it must, necessarily, have been so brought, though not specially required), and the question of the competency of a court (or "judge," the words being used in that connection as synonymous) is not left to conjecture, but is settled by written law which is perfectly familiar not only to the bench and bar, but to, perhaps, a majority of the intelligent nonprofessional citizens of the state. Thus, the Code of Practice reads:

"Art. 86. In matters of jurisdiction, the right given to a judge to take cognizance of certain causes against certain persons within his jurisdiction, is termed competency.

"Art. 87. In order to ascertain whether a judge be competent or not, three points must be taken into consideration.

"1. The object or the amount in dispute.

"2. The person of the defendant.

"3. The place where the action is to be brought.

"Art. 88. To determine on the competency of a judge, as relates to the object or amount in dispute before him, it is necessary to examine what are his powers, what is the nature of the cause, and what is the amount of the sum.

"Art. 89. To determine his competency, as relates to the person of the defendant, the rule which requires that the defendant be sued at the place of his domicile or usual residence, must be observed. * * *

"Art. 90. To determine on his competency, as relates to the place where the action is brought, we must be governed by the rule which provides that a judge shall not exercise any jurisdiction beyond the limits of the territory assigned to him."

In the cases of Vial v. Elfer, 120 La. 673, 45 South. 545, Triche v. Labiche et al., 120 La. 681, 45 South. 548, and Madere v. Sellers et al., 120 La. 812, 45 South. 735, recently decided, the complaints were, that the plaintiffs had been nominated to certain parish offices, and that the parish committee, instead of so declaring, had ordered a new election. There were therefore no persons who had been declared nominees against whom the complaining candidates could cause their rules to be issued, and they, accordingly, made the opposing candidates, respectively, defendants in the suit brought by them, and also undertook to make the parish committee a defendant therein. The particular questions whether, no nominees having been declared, any actions would lie under the statute, and whether, if the actions were authorized, the parish committee was a necessary party thereto, were not raised or considered. The question first stated is not presented in the instant case, because it appears that a nominee has been declared, and plaintiff is proceeding against him. As to the other question, it is argued by the learned counsel for plaintiff that the state central committee is a necessary party to this suit, and that the civil district court for the parish of Orleans was vested with jurisdiction because that committee rendered the judgment complained of whilst sitting in the parish of Orleans, because the suit is in the nature of an appeal from that judgment, and hence is properly returnable to a court of that parish. We are, however, unable to follow the reasoning which leads to that conclusion. Courts are not vested with jurisdiction of particular litigation, either by the

making of improper parties or by reasoning from analogy, and the statute under which plaintiff asserts the right to proceed herein no more authorizes or contemplates a suit against the state central committee than against the Secretary of State, and neither the one nor the other has any more interest in the result of the suit, as brought, than has the district court, from whose judgment the plaintiff has appealed.

The only person whom the plaintiff was authorized, or had any reason, to bring into court was the opposing candidate, who (in this instance) has been declared the nominee, and, under the plain letter of the law, the "court of competent jurisdiction," so far as he is concerned, is the district court for the parish of St. James, in which parish, it is admitted, he has his domicile. We are therefore of opinion that the judgment appealed from is correct, and it is accordingly affirmed.

NICHOLLS, J., dissents.