(47 South. 632.)

No. 17,341.

LE BLANC v. MICHEL, Secretary of State.

In re MICHEL, Secretary of State.

(Oct. 24, 1908.)

APPEAL AND ERROR (§ 488*)—COURTS (§ 475*) —INJUNCTION SUIT — SUBJECTS OF PROTECTION AND RELIEF—ELECTIONS.

Joseph E. Le Blanc, Jr., and Calvin K. Schwing were opposing candidates for nomination by the Democratic party for the judgeship of the Twenty-First judicial district of Louisiana at an election held on the 1st of September, 1908. The judicial Democratic committee for the Twenty-First judicial district was the special tribunal which was assigned by law as that to which should be referred and by which should be determined who was the person who had received the nomination for the judgeship. After the election had taken place the returns of the election were referred to it, and that body did as a matter of fact not only take action in the matter and declare C. K. Schwing to be the nominee, but its finding was forwarded to the Secretary of State for action by him. Under this condition of things the law declared what his action should be. It is conceded by all parties that the district court for the parish of West Baton Rouge, where the committee held its sessions, was the proper court to which should be submitted all contests raised by candidates as to the action of that committee. Le Blanc, conceiving that he was aggrieved by the action of the committee, had recourse to that court for relief. The district court rendered judgment in his favor, and adverse to the action taken by the committee. The Secretary of State was not a party to that suit. The committee and Schwing applied for and obtained a suspensive appeal to the Supreme Court from that judgment. Thereupon, and pending that appeal, Le Blanc left the West Baton Rouge court and instituted an independent suit in the court for East Baton Rouge, wherein he prayed for an injunction restraining the Secretary of State from placing Schwing's name on the official ballot as the nominee of the Democratic party for the judgeship of the Twenty-First district. Neither the committee nor Schwing were made parties to that suit. The injunction prayed for was ordered to issue. Thereupon the Secretary of State excepted to the jurisdiction of the East Baton Rouge court, and prayed for the setting aside of the injunction. The district court sustained the plea, and dismissed Le Blanc's application for an injunction. The latter applied for a suspensive appeal from this judgment. The judge having announced his intention to grant the appeal by reason of his supposed obligation to do so under the decisions in Gleason v. Wisdom, the Secretary of State has applied to the Supreme Court for a writ of certiorari and prohibition to prevent the granting of such appeal.

*Held:* The district judge, being of opinion that his court was without jurisdiction in the premises, properly sustained the exception urging that fact. He was not compelled to grant a suspensive appeal from his ruling. It was proper for him to refuse such an appeal and to force the opposing party to have recourse to the Supreme Court for a mandamus. *Held,* further, that the district court for East Baton Rouge was without jurisdiction to grant the injunction prayed for pending the suspensive appeal, and the action of the district judge dismissing Le Blanc's application for the same was correct. Writs of prohibition as prayed for by the Secretary of State ordered to issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2277; Dec. Dig. § 488;* Courts, Dec. Dig. § 475.*]

Breaux, C. J., and Monroe, J., dissenting.

(Syllabus by the Court.)

Application by John T. Michel, Secretary of State, for writs of certiorari and prohibition to prevent a suspensive appeal in an action against him by Joseph E. Le Blanc, Jr. Writ of prohibition granted.

Walter Guion, Atty. Gen., for the relator. Edward N. Pugh & Son, Laycock & Beale, Taylor Beattie, and Walter Lemann, for respondents.

NICHOLLS, J. Relator is the Secretary of State of the state of Louisiana. In this proceeding he applies to this court for a writ of certiorari issue commanding H. F. Brunot, judge of the Twenty-Second judicial district court for the parish of East Baton Rouge, to send up to it a certified copy of all the proceedings had in the case entitled "Joseph E. Le Blanc, Jr., v. John T. Michel, Secretary of State" (No. 1,723 of the docket of that court), and that after due proceedings it order a writ of prohibition to issue forbidding said judge from granting an order of suspensive appeal in said suit No. 1,-723, and that he be prohibited from granting any further orders of any kind in said suit.

Relator avers that he is the defendant in a certain suit in the district court for the parish of East Baton Rouge entitled "Joseph

E. Le Blanc v. John T. Michel, Secretary of State" (being No. 1,723 of the docket of that court).

That in that suit the plaintiff Joseph E. Le Blanc alleged that he was a candidate for the office of district judge of the Twenty-First judicial district court of Louisiana at a primary election held in that district on the 1st of September, 1908; that Calvin K. Schwing was also a candidate for that office at that election at that primary election; that he, Le Blanc, was duly nominated as judge for that district, having received a majority of all the votes cast, but that notwithstanding said fact the district Democratic committee of the Twenty-First judicial district met on the 4th day of September, 1908, and, in violation of law and of the rights of himself (Le Blanc), declared the result of said primary election of September 1, 1908, and declared Calvin K. Schwing to be the nominee of the Democratic party of the Twenty-First judicial district; that, after said committee had met as aforesaid, it prepared a certificate of nomination setting forth that said Schwing was the nominee of the Democratic party for that office, and that certificate was filed by said committee with the Secretary of State of Louisiana on the 4th day of September, 1908; that he (Le Blanc) on the 10th of September filed a petition in the Twenty-First judicial district court for the parish of West Baton Rouge, a petition praying for an alternative writ of mandamus to issue to Charles F. Trudeau, chairman of the district Democratic committee of the Twenty-First judicial district, ordering him to submit to that committee a tabulated statement showing the result of the primary election of the 1st of September for district judge as aforesaid, together with all original returns; that a writ of mandamus also issue to said committee, through its chairman, Charles F. Trudeau, and to its members, ordering and commanding them to convene at Port Allen, in the parish of West Baton Rouge, and tabulate, add up, hear, determine, and proclaim the result of said primary election of September 1, 1908; that on the same day the Honorable L. B. Claiborne, one of the judges of the Twenty-First judicial district, signed an order issuing alternative writs of mandamus as prayed for returnable on September 16, 1908, at Port Allen, in the parish of West Baton Rouge; that on the 12th of September the said Honorable L. B. Claiborne, judge aforesaid, entered an order recusing himself, and appointed Honorable H. F. Brunot, judge of the Twenty-Second judicial district, to try and determine the said cause; that on the 14th of September the said Brunot, judge, refused to accept said appointment, and declined to serve as judge in said cause; that on the 15th of September, 1908, Judge L. B. Claiborne signed an order rescinding the appointment of Judge Brunot, and appointed in his stead the Honorable Joseph F. Golsan, judge of the Twenty-Fourth judicial district, to try and determine said cause; that on the 16th September, Golsan, judge, issued an order extending the return day of the alternative writs of mandamus to September 21st; that on the 21st of September the said Calvin K. Schwing and the said district Democratic committee applied to the Supreme Court for a writ of prohibition to prevent the said Golsan from trying said mandamus proceedings and to stay all further; that on the 24th of September said Golsan, judge, and said Joseph E. Le Blanc, Jr., filed their answer and return to said proceeding; that on the 2d of October the Supreme Court recalled and rescinded the alternative writ of prohibition, and held the appointment of the Honorable Joseph F. Golsan to be legal; that on the 3d of October the said Golsan, judge, fixed the mandamus suit for trial for October 7th, and that on that day the said mandamus suit was taken up and tried, and on October 8th argued and submitted, and on the same day the said

Joseph F. Golsan made the said writ of mandamus peremptory, and that on the 10th of October, on the application of said district Democratic committee of the Twenty-First judicial district, the said judge (Golsan) granted a suspensive appeal to the Supreme Court returnable October 25, 1908, from the judgment rendered by him making peremptory the mandamus sued out in the district court for the Twenty-First judicial district court in the aforesaid proceedings; that in his said petition in the district court for the parish of East Baton Rouge the said Joseph E. Le Blanc made the further allegation that the certificate of nomination of Calvin K. Schwing as judge aforesaid, filed with relator Michel (the Secretary of State) on the 4th of September, 1908, was and is absolutely null and void and of no effect as having been issued on the day before the committee could legally have met and acted, and that relator (the Secretary of State) was about to place upon the official ballot the name of Calvin K. Schwing as the nominee of the Democratic party for the office of district judge of the Twenty-First judicial district, and that relator would distribute the said ballot with the name of the said Schwing thereon to the voters of the Twenty-First judicial district to be voted at the general election on November 3, 1908, unless restrained, enjoined, and prohibited from so doing, and that he (Le Blanc) would suffer thereby great and irreparable injury thereby, and that he would be deprived of his civil, political, and vested rights; that he was entitled to a writ of injunction against relator (the Secretary of State), and he prayed that a writ of injunction issue against him, as Secretary of State, prohibiting, enjoining, and restraining him in that capacity from placing or printing on the official or any other ballots to be used at the general election on November 3, 1908, the name of Calvin K. Schwing as the candidate or nominee of the Democratic party for the office of district judge for the Twenty-First judicial district, and from distributing or issuing to the voters or commissioner of election of the Twenty-First judicial district any official or other ballot having upon it the name of Calvin K. Schwing as a candidate of the Democratic party for the office of district judge for the Twenty-First judicial district; that Joseph E. Le Blanc, Jr., petitioner in said suit, after due proceedings, do have judgment perfecting said injunction; that the Honorable H. F. Brunot, judge of the Twenty-Second judicial district court, granted an order enjoining, restraining, and prohibiting relator, as Secretary of State, as prayed for; that a writ of injunction issued under and by virtue of said order as prayed for, and in manner and form as prayed for, by said Joseph E. Le Blanc, Jr.

Relator Michel (Secretary of State) avers that on the 14th day of October, 1908, he filed in said suit an exception to the jurisdiction of said Twenty-Second judicial district court for the parish of East Baton Rouge on the ground of want of jurisdiction ratione materiæ; that said exception was set down for trial for the 15th of October, and was accordingly taken up and tried, and, after argument, the Honorable H. F. Brunot, judge aforesaid, sustained the exception and dismissed the suit; that immediately after the said judgment was signed counsel applied for a suspensive appeal from said judgment, but the Attorney General, who represented relator, objected to the granting of the same on the ground of want of jurisdiction in said twenty-second judicial district court, but that the district judge announced that he would hesitate to refuse to grant a suspensive appeal from said judgment. Whereupon the Attorney General announced that he, acting as such and representing the Secretary of State, would apply to the Supreme Court for writs of certiorari to have said judgment reviewed and for a writ of prohibition prohibiting the granting of an appeal and any

and all further proceedings in said suit on account of the utter want of jurisdiction of said district court for the parish of East Baton Rouge, and because any further action would amount to a usurpation of authority.

Relator avers that the said judge will take cognizance of said notification so given, and declined to enter an order for a suspensive appeal until the 22d of October, in order to afford the Attorney General an opportunity to apply to the Supreme Court.

Relator (the Secretary of State) avers that it is made his mandatory duty by the provisions of Act No. 152, p. 266, of 1898, as amended by Act No. 132, p. 199, of 1900, to receive certificates of nomination from district judicial committees certifying to the nomination of candidates for the office of district judge, and to cause the name contained in such certificates to be placed on the official ballot to be voted for at the election provided by law for the election of such district judges; that the duty devolved upon relator of receiving such certificates of nomination and causing the names to be printed upon the official ballot is made a mandatory duty, and one concerning which relator has no discretion whatever; further, that, at the time the order of injunction was obtained and the writ of injunction issued against him (relator) in the said suit, that court was absolutely without jurisdiction to issue an injunction against relator, restraining or prohibiting him from printing the name of Calvin K. Schwing upon the official ballot prescribed by law, since the name of said Calvin K. Schwing has been certified to him by the committee authorized to so certify the same for the purpose of having his name printed upon the official ballot; that the action of Judge H. F. Brunot in granting said order of injunction was utterly without authority of law, and in respect to a matter concerning which he was absolutely without jurisdiction,

and, if he is not prohibited from further proceeding in the said cause, he will continue to grant orders which he is utterly without authority to grant; that unless he is prohibited by the Supreme Court from doing so, he will, as announced by him, grant a suspensive appeal from the judgment rendered by him on the 15th of October, dismissing the suit entitled "Joseph E. Le Blanc, Jr." (No. 1,723 of his docket), and thereby he will practically maintain and keep in force the illegal order of injunction granted by him as aforesaid, and this without any jurisdiction of relator or of the subject-matter of said suit, and that relator will be prohibited from performing a mandatory duty under his sworn oath of office, and thereby enjoined from performing a mandatory duty; that there is no statute nor law of this state permitting an injunction to be issued against the Secretary of State in a case of this kind, and that because of a contest between rival claimants of a nomination—a matter of purely a political nature—relator cannot be hampered in the performance of a plain mandatory duty by injunction, and that the said Joseph Le Blanc, Jr., is without right of appeal from the judgment dismissing the suit; that, unless he is restrained and prohibited by the Supreme Court, the district judge for East Baton Rouge will, on the 22d of October, grant a suspensive appeal from said judgment, and that the effect of such an order of appeal will be to prohibit relator from performing his sworn duty as Secretary of State, and this in respect to a matter which cannot be finally determined before it becomes necessary for relator to print the official ballots and send them out in order to be voted on on the day of the election to be held on the 3d of November, 1908, and in a suit wherein a judgment has been rendered from which no appeal lies to the Supreme Court.

In view of the premises, relator prays for

writs of certiorari and prohibition; that after due proceedings the Supreme Court order a writ of prohibition to issue to Honorable H. F. Brunot, judge aforesaid, forbidding him from granting an order of suspensive appeal in the case entitled "Joseph E. Le Blanc, Jr. (No. 1,723) v. John T. Michel, Secretary of State," and that he be further prohibited from granting any further orders of any kind in said suit.

On reading this petition the district judge was directed to send up the record in suit No. 1,723, and ordered to show cause why the writ of prohibition should not issue as prayed for. And in the meantime, and until further orders of the Supreme Court, all proceedings in said case were stayed.

The district judge has answered. In this return or answer he avers and declares that in all cases a suspensive appeal lies from a judgment dissolving an injunction and dismissing a suit. In support of this position he cites Gleason v. Wisdom, 120 La. 632, 45 South. 530.

Joseph E. Le Blanc, the plaintiff, asking for injunction, answered. In this answer he reiterated the allegations made by him in his petition for the injunction, and maintains his right to a suspensive appeal from the judgment of the Twenty-Second judicial district court for the parish of East Baton Rouge, sustaining the plea which had been filed to the jurisdiction, ratione materiæ, of that court, and dismissing the suit.

He cites Act No. 49, p. 66, of 1906, urging that under the provisions of that statute the courts are granted jurisdiction in all cases under the primary law. He maintains that it is well settled that mandamus lies to compel the Secretary of State to place the name of a candidate on the official ballot, citing State ex rel. Labauve v. Michel, 46 South. 430, and insists that the converse of this is also true.

In this case the Secretary of State of Louisiana invokes the exercise of the supervisory authority of this court to prevent the granting by the judge of the district court for the parish of East Baton Rouge of a suspensive appeal from his action sustaining an exception filed by him and dismissing the demands of Joseph E. Le Blanc for an injunction against him as recited in the pleadings in the case. The district judge, believing that the decision of this court in Gleason v. Wisdom made it his imperative duty to grant an appeal asked, had announced his intention to grant the application unless prevented by action of this court. A majority of the members of the court are of the opinion that a writ of prohibition should issue as prayed for. It does not follow from the decision in the Gleason Case that, because the right of Gleason to a suspensive appeal was recognized, that same right should be recognized in all cases where an order for an injunction which had been granted was set aside and the applicant's demand therefor was dismissed. Whether or not the right of suspensive appeal should be recognized would depend upon all the facts and circumstances of each particular case. It is a matter not disputed in the one before us that the judicial Democratic committee for the Twenty-First judicial district was the special tribunal assigned by law to which should be referred, and by which should be determined, who was the person nominated by the Democratic party of that district as its candidate for the office of district judge at the primary election held on the 1st of September, nor that that committee did, as a matter of fact, act in the matter and announce its conclusion that Calvin K. Schwing was the person who had received that nomination, and that the same had been placed in the hands of the Secretary of State. Being so placed, the law itself directed what the Secretary of State should do as the result of that fact. It is conceded by all parties that the district court

for the parish of West Baton Rouge, in which the judicial district committee held its session, was the proper court to which should be submitted all contests raised by candidates as to the action of that committee.

Joseph E. Le Blanc, Jr., was the candidate opposing Mr. Schwing for the nomination of judge. Feeling himself aggrieved by the course pursued by the committee, he had recourse, as he had the right to do, to the district court for West Baton Rouge for relief. The litigation inaugurated by him on that subject culminated in a judgment by Judge Golsan, acting as judge in the premises, adverse to the action taken by the committee and favorable to the claims advanced by Mr. Le Blanc, but Mr. Schwing and the committee applied for and obtained a suspensive appeal to this court from that judgment, and the issues raised in the matter are as yet undisposed of by it. The effect of that suspensive appeal was to leave matters in the situation they were before that judgment was rendered. What the merits of that controversy were or are, we do not know. We must for the time being act on the supposition that the action of the committee was according to law. We do not understand that the Secretary of State was a party to the proceedings taken by Mr. Le Blanc. Quoad him, the notification given to him by the committee that Mr. Schwing had received the Democratic nomination for judge of the Twenty-First judicial district remained in full force, and the duties thrown upon him by law remained as before.

Matters being in this situation, Mr. Le Blanc, whose claims had been raised in the district court for West Baton Rouge, and whose legal rights were left undetermined finally by the appeal taken by Mr. Schwing and the committee, left the district court for West Baton Rouge, and sought in the district court for East Baton Rouge, through an independent suit, to obtain an injunction tying up the duties of the Secretary of State as fixed by law under the existing situation in the matter of the nomination of the candidate for the judgeship of the Twenty-First judicial district. Mr. Schwing was not a party to this application. The situation, then, is that the Secretary of State was not a party to Mr. Le Blanc's proceedings in West Baton Rouge, and Mr. Schwing was not a party to the proceedings taken by him in East Baton Rouge. The court of East Baton Rouge has no power or authority to inquire into or pass upon the merits of the rival claims of Schwing or Le Blanc, or upon the acts of the committee. The proceedings in East Baton Rouge must commence and end in the application for and the granting of an injunction; there they commence, and there they end. When the judge of the Twenty-Second judicial district examined the legal situation, he evidently reached the conclusion that his action in granting the injunction was ill advised and unauthorized. He, therefore, discharged the injunction and set aside the order of injunction he had given. He was evidently of the opinion that he was illegally and without authority interfering with and changing the legal status of affairs resulting from the action of the committee and the announcement made to the Secretary of State that Schwing was the nominee for judge, and resulting from the status of affairs in the matter of the litigation in East Baton Rouge; that he was powerless to pass upon the merits of the case, and that the party most vitally interested in the matter had not been made a party to the injunction proceedings. We think that was the legal view to be taken of the situation, and that the district judge properly recalled his order for an injunction. We do not think the district judge was absolutely forced to grant a suspensive appeal to the plaintiff. He had a right to refuse it subject to the right of Mr. Le Blanc to have recourse to the Supreme Court to force the judge to grant an order for a suspensive ap-

peal, if he was entitled to have such an order granted.

It is claimed that by refusing to permit the granting by the district judge of East Baton Rouge to Joseph E. Le Blanc, Jr., of an order for a suspensive appeal from his judgment setting aside the injunction and dismissing his (Le Blanc's) suit, this court will place matters in a situation which will enable a person who is not in fact the nominee of the Democratic party for the judgeship of the Twenty-First judicial district to be placed on the official ballots and voted for and elected as such, leaving the actual nominee no remedy in the premises. It is urged that we should presume that the judgment rendered by Judge Golsan adverse to the action of the district committee is correct until actually reversed, and that we must in the meantime act on that presumption; but that we certainly cannot do. We know nothing of the merits of the case, as we have said, and we must assume, until the fact is judicially disproved, that the action of the district committee, declaring Mr. Schwing to be the nominee of the Democratic party for the judgeship of the Twenty-First judicial district was legal and correct. If it be true, as asserted, that the application of legal principles to the case before us will bring about the result claimed and establish the fact that the primary election system adopted by the General Assembly, instead of leading up, in point of fact, to the selection of candidates by the people, may have directly an opposite effect, the court is bound nevertheless to let these results be reached. Its duty is perfectly clear. Even if the application of correct principles of law to this particular case should lead up to hardship and a reversal, in point of fact, of the will of the people, this case must be governed and controlled by these principles.

We are of the opinion that the writ of prohibition prayed for should be granted, and it is hereby so ordered and decreed.

See concurring opinion of LAND, J., and dissenting opinion of BREAUX, C. J., 47 South. 637.

MONROE, J. I dissent.