PROVO gTY, J.
By Act No. 74 of 1908, p. 90, the Legislature repealed the charter of the city of Kenner.
Deeming this act to be unconstitutional, certain persons styling themselves the “Democratic Municipal Executive Committee of the Municipality of Kenner,” and who, for all that appears, are really such, forwarded certificates of nomination to the gecretary of gtate for the several offices of the municipality of Kenner, whereupon the relators in this case sued out an injunction in the district court of the parish of East Baton Rouge against the gecretary of gtate to prevent him from putting the names of the said nominees upon the official ballot to be used at the election on the 3d of November, 1908. In their petition for injunction they made the following jurisdictional allegations:
First. That they are real estate owners and taxpayers of the town of Kenner.
geeond. That one of them has been appointed justice of the peace for the territory embraced in said town, and that, if said nominations are allowed to stand, he will be superseded in his said office by the mayor of said town, and will lose the salary of said office, amounting to $4,-000, for the four years for which he has been appointed.
Third. That there is $4,000 in the treasury of the city of Kenner of which the said nominees will have charge and control if they are elected.
The relators further alleged in their petition for injunction that they filed timely with the gecretary of gtate a contest of said nomina *353 tions, and that they were duly notified by that officer of the day, place, and hour when the contest hoard of the state of Louisiana would hear said contest, and that they attended at the time and place thus fixed, but that the said contest board failed to meet, and that their said contest 'was not thereafter heard by said contest board, nor, in fact, could be under the law.
They alleged that their grounds of contest were, first, that the charter of the city of Ken-ner had been repealed, and that there was now no such municipality in existence; second, that there was no such organization as the Democratic Municipal Executive Committee of the Municipality of Kenner; third, that the only municipal candidates who under the law can be placed on the oflicial ballot are those of towns of 2,509 or more inhabitants, and that the town of Kenner has not that number.
The Secretary of State excepted to the jurisdiction of the court ratione materise, contending that the courts are without power to prevent the Secretary of State from putting upon the oflicial ballot the names of all candidates which have been certified to him under the primary election law. In other words, the Secretary of State made the same defense as to the similar injunction suit of Le Blanc v. Secretary of State (recently decided by this court) 122 La. 339, 47 South. 632.
This exception the court sustained for the same reason as in the Le Blanc Case. In the Le Blanc suit the court was disposed to grant a suspensive appeal; and by writ of prohibition this court prevented its doing so, on the ground that it had no jurisdiction whatever of the subject-matter. In the instant case the learned trial judge, acting upon the authority of the Le Blanc suit, has refused to grant an appeal, and the present application is for a mandamus to compel him to do so.
AVe adhere to the ruling in the Le Blanc Case.
Another objection to relators’ proceeding is that if it be true, as alleged, that the charter of the town of Kenner has been repealed, then the nominations in question have been made for offices not in existence, and complainants are fighting shadows. Many years ago the towns of Algiers, Jefferson, and Lafayette were absorbed by the city of New Orleans, and ceased to have any existence, just as the city of Kenner is now said to have no longer any existence. Now, if some so-called, or self-constituted, Democratic executive committee for those different towns were to send to the Secretary of State a list of officers for those towns to be put on the official ballot of the coming election, would not any one be fighting mere shadows who went to court to prevent the Secretary of State from printing the names on the ticket? The act of that officer in putting such names on the ticket might be wholly unjustifiable, might be foolish; but would any one have a standing in court to enjoin him from so doing? AYhy, evidently not. This reason, however, ■ does not go to the jurisdiction of the court.
It is ordered, adjudged, and decreed that the application herein for a mandamus be denied, and that the rule nisi heretofore herein issued be, and is hereby, recalled and set aside.
BREAUX, C. J. I dissent.
MONROE, J. I concur in the decree.