# STATE EX REL. D. B. NORTH, ET AL, vs. W. C. ERMON, ET AL.

## Syllabus.

After a Judge has granted a suspensive appeal from his judgment he is without jurisdiction to render any further orders or decrees in the case, the effect of which would be to carry out his judgment.

Appeal from the Civil District Court for the Parish of Orleans, Division "C." Hon. E. K. Skinner, Judge.

J. Zach. Spearing, for appellant.

D. H. Mouney, for respondent.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The plaintiffs in this case filed a suit, and alleged that at an election held by the stockholders of the Equitable Homestead Association, on January 13th, 1913, they and others had been elected directors of said Association for the term of one year, and that on January 24th, 1913, they had been elected by said board of directors to the respective positions of President, and Vice-president, Secretary-Treasurer, etc., of the Association.

Plaintiff further alleged that the defendants, who were the former officers of this Association, refused to recognize them, and they pray for judgment declaring them as the legal officers of said Association.

The defendants answered that the election of January 13th, was illegal, and that at a valid election held on January 29th, 1913, the present Board of Directors were elected, by whom they have been elected as President and Vice-President, and were acting as such. There was

judgment for plaintiffs, from which defendants took a suspensive appeal on May 14th, 1913.

Some time during December of the same year 1913, and pending said appeal the defendants caused to be published a notice that an election would be held on January 12th, 1914, for the purpose of electing directors for the year 1914, as provided by the charter of the Association. Thereupon the plaintiffs in this case filed a petition in the District Court praying for an injunction restraining the defendants from holding said election, until this cause shall have been finally determined.

To this petition the defendants pleaded that the District Court had no jurisdiction to try the issues raised in said petition for the reason that the judgment of the District Court in the original case was suspended by a suspensive appeal lodged in this Court, which alone had jurisdiction of any matters connected with said case.

The Judge of the District Court issued the injunction; whereupon the defendants have prayed from this Court for a prohibition which has issued on rule to show cause.

The general rule is that after a Judge has granted a suspensive appeal from a judgment he has no further jurisdiction in the case.

> 132 La., 912; 122 La., 339; Taylor's Digest, p. 52; 1 H. D., 73.

The effect of the suspensive appeal was to paralize the judgment during the pendency of the appeal, and to allow things to go on as they had been prior to the judgment. Thus the defendants who were administering the affairs of the Association had a right to continue without interference on the part of the plaintiffs. It was their

duty to perform all their obligations under the charter; one of their duties was to call and hold an election on the second Monday of January, for the purpose of electing directors to serve during the year 1914.

After the suspensive appeal taken by them the Court could no more interfere in their performance of that duty or right, than it could have enjoined them from performing any other official act of their office. The suspensive appeal did not call for a dead halt, or statu quo in the affairs of the Association as administered by the defendants, but provided only that the defendants should continue to act until the decision on the appeal, as if no judgment had been rendered against them, and provided they acted within their duties as such.

By the injunction the Judge was giving effect to his judgment which had been suspended, arrested, nullified, by the suspensive appeal, until the decision thereof by this Court.

The District Judge had no power to render any order affecting that appeal in any manner. The matter had gone beyond his jurisdiction, and was in the Court of Appeal exclusively. "The time for granting conservatory orders at the request of one of the litigants has passed after the District Judge has granted an appeal from his judgment. Until the appeal was disposed of by this Court, the Court below could grant no orders or assume no jurisdiction in the premises."

**28 A., 772.**

But the plaintiffs contend that the effect of the appeal was to maintain boths sets of officers in the same condition until a determination of their relative rights, and that the officers in control had no right to proceed to another election which would have the effect of ending

— 215 —

their term of office. But the question before the Court was the right of certain parties to act as directors during 1913. The stockholders could not be prevented from exercising their right to elect directors for 1914, a question which was not before the Court. In the case of **Littleburg vs. Rousselle, 6 A., 73,** creditors had issued executory process which was enjoined upon the ground of want of proper notice of seizure and effective advertisement. The injunction was dissolved and a suspensive appeal was taken. Pending the appeal, the creditors ordered the return of the writ and immediately issued a new writ. This was also enjoined on the ground of the pendency of the first appeal. But the Supreme Court said: "as the only question involved in the first injunction related to the regularity of the proceedings under the first writ; the creditor might legally abandon those proceedings and issue new process."

We are of the opinion that the Court was without jurisdiction to issue the injunction and the preliminary prohibition is made perpetual and said injunction is set aside and annulled.

Writ of prohibition made perpetual.

Opinion and decree, January 26th, 1914.

Rehearing refused, February 25th, 1914