### BAUER v. GILMORE et al.
### No. 1591.

Court of Appeal of Louisiana. First Circuit.
Feb. 19, 1936.

Robt. E. Brumby, of Franklin, for appellant.

Rene H. Himel, of Franklin, and Lessley P. Gardiner, Asst. Atty. Gen., for appellees.

### PER CURIAM.

The St. Mary parish Democratic executive committee, in conformity with the provisions of the Primary Law of this state, ordered a primary election to be held on January 21, 1936, in the parish of St. Mary, for the nomination of parochial and ward offices, including two members of the House of Representatives; that parish being entitled to two representatives in that branch of the Legislature of Louisiana.

In due time, C. R. Brownell, R. Norman Bauer, and Walter T. Gilmore, all three having the necessary qualifications, filed proper notification of their intention to become candidates for the said offices at the said primary with the chairman of the committee. Their names appeared on the ballots used on the day of election, and, according to the tabulation made of the votes cast, Brownell received 3,608 votes, Bauer 2,738 votes, and Gilmore 2,561 votes.

On January 25, 1936, the committee which had called the primary election convened according to law in order to promulgate the returns and proclaim the results of said primary. After having canvassed the votes, on the basis of the results obtained, the committee, having found that each of the three candidates mentioned had received a majority of the votes cast, adopted a resolution by the terms of which C. R. Brownell, the candidate who received the largest number of votes, was declared the Democratic nominee for one of the said offices, and, as to R. Norman Bauer and Walter T. Gilmore, a second primary was ordered to be held in order to determine which of these two candidates would be the nominee for the other of said offices.

Bauer protested the action of the committee, contending that, as he had received 177 votes more than Gilmore, he thereby became the nominee for the office, and that he should not be required to enter a second primary. The committee apparently gave no consideration to his protest, whereupon he instituted this proceeding in the district court of St. Mary parish.

In his petition, the plaintiff sets out substantially the same facts as we have just stated them, and, in addition, alleges in paragraph 6: "That two candidates having received the majority of the votes cast for the two places to be filled, said Executive Committee had no power, right, or authority to order a second Primary." The prayer of his petition is as follows: "Wherefore, petitioner prays that the said Walter T. Gilmore and the said St. Mary Parish Democratic Executive Committee, through Charles Pecot, its Chairman, be duly cited to appear and answer hereto, in accordance with law; that the said Committee through its said Chairman, and the said Walter T. Gilmore, each be served with a copy hereof, and due proceedings being had, that petitioner be adjudged the Democratic nominee for the office of Representative for the Parish of St. Mary, and the resolution of said St. Mary Parish Democratic Executive Committee ordering a second primary between petitioner and the said Walter T. Gilmore, be declared null, void and of no effect." This is then followed by the usual prayer for general and equitable relief.

Both defendants appeared together in answer to the citation and filed, first, an exception to the jurisdiction of the court, and then, with reservation of its rights under that exception, the St. Mary parish Democratic executive committee filed an exception of misjoinder of parties defendant. Both defendants, under further reservation of the prior exceptions, filed exceptions of no right of action and of no cause of action, after which again under reservation of all exceptions they filed a joint answer in which they put at issue the question as to the right and power of the committee to have taken the action it did in declaring Brownell the nominee for one of the offices of member of the House of Representatives and ordering a second primary as between Bauer and Gilmore.

The district judge, following the provisions of the primary statute regulating the conduct, trial, and disposition of cases of this character, heard all of the exceptions at the same time and also the trial of the case on the merits. In rendering a decision within twenty-four hours after submission of the case, as he had to do under the law, he overruled the exception to the jurisdiction, maintained the exception of misjoinder on behalf of the executive committee, and dismissed the suit as against that defendant, and overruled the exception of no right of action. He referred the exception of no cause of action to the merits, as he found that that exception and the answer involved the same issues, which, after all, are only issues of law. By his judgment, he in effect sustained the exception of no cause of action and dismissed plaintiff's suit.

Plaintiff appealed, and the defendants have answered the appeal asking for a reversal of the judgment on the exception to the jurisdiction and on the exception of misjoinder in so far as it dismissed plaintiff's suit as against one of the defendants only and also on the exception of no right of action. This court is now called on to review, within the same limited period of time of twenty-four hours, the findings and judgment of the district court.

### (1) Exception to the Jurisdiction.

■ The exception to the jurisdiction ratione materiæ presents the usual question which comes before the courts in cases of this kind as to their right to review and pass on the action of a committee charged with the government of and having control over party nominations in primary elections unless they are given constitutional or specific statutory authority to do so.

It does not seem to be disputed that the courts have no such constitutional authority in this state, and therefore, if they are vested with any jurisdiction at all, the same has to be found in the statutes governing that subject. In examining the latter, we find in the Primary Law of this state, Act No. 97 of 1922, as amended by Act No. 110 of 1934, two sections which refer to court proceedings, section 11, which confers on the courts the power to consider matters involving the right and qualifications to enter the primary, and section 27, which gives them the right to consider contests in such elections.

In this case plaintiff claims to be the nominee, and he is asking the court to declare him such. He bases his claim to nomination on a ground involving the interpretation and application of the said Primary Law, and he complains of the action of the committee in having misinterpreted and misapplied that law by failing to declare him a nominee and by requiring him to enter a second primary. According to his petition, the matters of which he complains involve the administration and application of the Primary Law by the committee. The Supreme Court has expressly held that in such a case the courts have jurisdiction, as is readily seen from the following quotation taken from the case of Le Blanc v. Hoffmann, 175 La. 517, 143 So. 393, 395: "The courts of this state have jurisdiction in matters involving the proper administration of the Primary Law by the officials charged with its execution, and a mandamus will lie to compel the performance of a ministerial duty imposed by the Primary Law, and an injunction will issue to restrain an attempted act in violation of its provisions"—citing cases.

This ruling was approvingly quoted in the more recent case of Porter v. Conway, 181 La. 487, 159 So. 725.

In the present case, while the plaintiff is not asking for a writ of mandamus or injunction against the committee, yet he is claiming the nomination by reason of the action of the committee which he is challenging, and we see no reason why the court has not the same right and the jurisdiction to pass on his complaint in the same manner as though he had coupled an application for either of the said writs with his demand.

The ruling of the district court on the exception to the jurisdiction was correct and will be sustained.

### (2) Misjoinder of Parties Defendant.

■ The exception of misjoinder is based on the ground that the executive committee is not a proper or necessary party to this suit, on the theory that under section 27 of the Primary Law, it is contemplated that the contestee is the only person against whom the action can be directed. Under a different state of facts than presented by the pleadings in this case, this contention might be correct, but here the gist of plaintiff's complaint is that he has been deprived of the nomination because of the action of the committee, which he seeks to have annulled and set aside. Under such pleadings, the committee, in our opinion, is one of the real and necessary parties to the suit, and the defendant Gilmore, against whom no relief is sought, is merely a nominal, if necessary, party.

In the case of Porter v. Conway, supra, the court had before it for consideration an exception of nonjoinder of parties defendant arising from the failure of the plaintiff to have joined the executive committee and the contestee who was offering as a candidate in the ensuing primary which had been ordered. In passing on the matter, the court said, 181 La. 487, at page 507, 159 So. 725, 732: "It might be well to state that the evidence offered in the trial of the rule shows, and relator in his application for writs alleges, that another candidate, John B. Fournet, has qualified to run in the October 9th primary. The Secretary of State is only a nominal defendant, his duties in connection with this controversy being purely ministerial. *The real parties at interest* are the new candidate who has qualified and seeks the nomination, *the Third Supreme Court District Democratic Executive Committee, whose right to refuse to declare the plaintiff the nominee and authority to order the October 9th primary election are challenged,* and the electorate of the district,

whose right to express their choice by their vote, as to whom they shall `select as a Justice of the Supreme Court. The rights of these will be denied if the plaintiff prevails." (Italics ours.)

The italicized portion of the foregoing quotation certainly gives force to our conclusion that the Democratic executive committee in this case is a necessary party to the suit and that it has been properly joined as a defendant.

The ruling of the lower court on this exception was, in our opinion, erroneous, and will be reversed.

### (3) Exceptions of No Right of Action and of No Cause of Action.

In our opinion the exceptions of no right of action and no cause of action can be considered together, as they involve the same legal proposition as it is presented in this case.

█ If we accept as true, as we must in considering these exceptions, the allegations of plaintiff's petition, the question arises whether or not this court can grant him the relief which he seeks, as shown from the prayer of his petition which we have quoted in full.

The whole burden of plaintiff's complaint is that, as he received a majority of the votes cast at the primary election and a plurality over the defendant Gilmore, it thereby became the ministerial duty of the committee, under the primary statute, to declare him the nominee and as a result thereof to certify his name as such to the secretary of state. If we assume, for the purpose of discussion, that the committee, under the state of facts set forth in the petition, had no discretion in calling a second primary, but that it was its mandatory duty to declare plaintiff the nominee, it becomes of importance to ascertain what relief plaintiff is asking the court to grant him. He asks in the prayer of his petition that the court declare him the nominee and that the action of the committee in calling a second primary be declared null and void and of no effect. In no allegation, nor in the prayer does the plaintiff request the court to compel the committee by mandamus or otherwise to do what he claims to be its mandatory duty.

█ The tabulation and promulgation of the returns of a primary election and the certification of the nominee to the secretary of state are matters vested exclusively in the party committees calling and conducting the primary election. Porter v. Conway, supra, especially page 527 of 181 La., page 739 of 159 So. The following, which is further quoted from that case, we deem especially pertinent to the discussion of the point now under consideration:

"In view of these provisions, we are of the opinion that Act No. 97 of 1922 imposes upon the Secretary of State only ministerial duties and no discretionary or quasi judicial functions, and that, therefore, he has no authority under the act to recognize a nominee and place his name on the ballot until the proper Democratic Executive District Committee has declared the candidate to be the nominee. Le Blanc v. Michel, 122 La. 339–348, 47 So. 632. Any other construction, conferring on the Secretary of State such discretionary and quasi judicial powers, would bring his office in conflict with the Executive Committee acting under its expressed statutory powers.

"We hold, therefore, that although the statute does not require a certification in special form, nevertheless a declaration by the committee recognizing the candidate to be the nominee must precede his recognition by the Secretary of State and the inclusion of his name on the official ballot. Injunction should not issue to achieve a different result."

█ It is a fundamental proposition of law that it is the prayer of the petition which governs and controls the nature of the action brought and of the relief that can be granted under it. Therefore, in this case, even though we concede from the allegations of plaintiff's petition that he is entitled to be declared the nominee under the relief prayed for by him, limited as the prayer of his petition is, we would be powerless to compel the committee to so declare him and certify his name to the secretary of state, which that committee must do before he can officially become the nominee of the party and have his name placed on the official ballot at the general election, as is in effect held in the ruling of the Supreme Court just quoted. A judgment in his favor on the prayer of his petition as presented would be an empty one, and could not produce the legal effect desired.

For the reasons herein stated, the exception of no cause of action and that of no right of action will be sustained.

It is now ordered, adjudged, and decreed that the judgment appealed from, in so far as it overruled the exception to the jurisdiction, be, and the same is hereby, affirmed, in so far as it maintained the exception of misjoinder, it is reversed and set aside, and in so far as it dismissed plaintiff's suit on the exception of no cause of action, it is hereby affirmed.