This is a mandamus proceeding in which the relator, Milton J. Burg, claims to be the nominee for the State Senate in the Ninth Senatorial District as the result of a primary election, which was held in that district on January 18, 1944. He alleges that the Ninth Senatorial Democratic Executive Committee (hereinafter referred to as the Committee) returned his opponent, Louis H. Folse, as the successful candidate in that election, but that numerous frauds were committed and numerous fraudulent votes cast which, if eliminated, would entitle relator to be proclaimed the nominee. He asks for a mandamus against Louis H. Folse and the Committee ordering the Committee to exclude from the "tabulation and compilation of its canvass (all) of the votes cast at the Primary Election held on January 18th, 1944, for Senator from the Ninth Senatorial District of Louisiana, and to certify the name of Milton J. Burg as the candidate of said Democratic Party for said office at the General Election to be held on April 18th, 1944".
The defendant Folse, filed an exception of misjoinder upon the ground that the Committee "is not a necessary party herein nor has it any interest in the outcome of any contest between the two candidates, Relator Burg and Defendant Folse". Exceptions of vagueness and of want of jurisdiction ratione materiae and of no right or cause of action were also filed.
The Court, a qua, considered only the exception of misjoinder, which it maintained and dismissed the suit. Relator appealed to this Court.
A motion to dismiss was filed in this Court based upon the contention that this is a mandamus proceeding and not an election contest under the Primary Election Law, Act No. 46 of 1940 and that, therefore, the return day for the appeal could not have been earlier than fifteen days after the signing of the judgment as provided by Article 574 of the Code of Practice and not five days as authorized by the Primary Election Law.
The motion to dismiss is not well founded. See State v. Gegenheimer, La.App., 2 So.2d 238, where the contrary was expressly held. Furthermore the basis of respondent Folse's exception of misjoinder to the effect that under the Primary Election Law, the committee is an improper party is inconsistent with the contention that this mandamus proceeding is not an election contest.
It must be conceded that the jurisprudence concerning the necessity of joining the committee in suits of this character is confusing and contradictory. State ex rel. Nunez v. St. Bernard Parish Democratic Executive Committee, 165 La. 685, 115 So. 901; Vidrine v. Eldred, 153 La. 779, 96 So. 566; Bailey v. Janvier,120 La. 893, 45 So. 932; Beard v. Henry, La.App., 199 So. 468, 472; State v. Gegenheimer, La.App., 2 So.2d 238; Bauer v. Gilmore, La.App., 165 So. 739; Porter v. Conway, 181 La. 487,159 So. 725.
It has been held that the Committee is not a necessary party.
"Under the primary law the contestant must bring his action against the contestee, * * * and the contestee is the apparently successful candidate * * *. There is nothing in the law which requires that the committee be made a party to the suit, and, since the committee has no interest in the result, there is no reason why it should be." Vidrine v. Eldred, supra [153 La. 779, 96 So. 568].
It has also been held that the Committee is a necessary party:
"The real parties at interest are the new candidate who has qualified and seeks the nomination, the Third Supreme Court District Democratic Executive Committee, whose right to refuse to declare the plaintiff the nominee and authority to order the October 9th primary election are challenged." Porter v. Conway, supra [181 La. 487, 159 So. 732].
Possibly those cases which held the Committee to be an unnecessary party may be explained upon the ground that the Court was considering exceptions of nonjoinder and not misjoinder and it may be that the statements concerning the plea of misjoinder were made when the case had already been decided on other points.
Be that as it may, however, in State v. Gegenheimer, supra [2 So.2d 242], decided *Page 615 
by this Court in 1941, in which certiorari was refused by the Supreme Court, we find the following:
"The second ground upon which the respondents' exception is predicated is not so easily disposed of but we are nevertheless convinced that the relator has proceeded correctly. Counsel for respondents argue that, since the suit is brought on the relation of the State, it is not an election contest as defined by Section 86 of Act 46 of 1940. However, in our appreciation, relator's demand is one for a recount of the votes cast in the election, which recount he says will show that the returns as promulgated are incorrect. He makes as parties defendant to the suit the three candidates who were declared by the Municipal Committee to have been nominated and these are the proper persons who should have been cited as contestees in the litigation.
"It is true that plaintiff has coupled with his demand for a recount of the votes a suit for a mandamus against the Municipal Committee to compel it to amend its returns in accordance with the recount. This procedure, we think, was proper and necessary because of the fact that the second primary has been set by the committee for May 13, 1941, and, in the event the relator is successful in this litigation, the tabulation and promulgation of the Municipal Committee would have to be amended. However, counsel say that mandamus will lie only to compel the performance of a ministerial duty; that there is no allegation in the petition that the committee failed in any duty which it was required by law to perform; that it was the duty of the committee to accept as correct the tally sheets and tabulations made by the commissioners of election and that, until it has been established that the returns of the commissioners of election are erroneous, there will be no further duty for the committee to perform. In other words, the argument is that, if the court, after recounting the votes, decrees that the compilation and promulgation made by the committee is incorrect, then and then only will there exist a duty on the part of the committee to amend its orders, and that, until that duty comes into being and the committee refuses to perform it, the relator is not entitled to relief by way of mandamus.
"This postulation may be conceded, to be technically correct because Article 834 of the Code of Practice provides that mandamus lies only to compel public officers to perform duties legally required of them. Hence, theoretically and technically, the duty of amending the returns does not exist until the returns are found to be erroneous. However, in cases such as this, due to the short time given to the contestant in which to obtain relief, it would be absurd, we think, to require him to first obtain a judgment against the contestees declaring that the promulgation made by the committee is erroneous and thereafter, in the event the committee should refuse to amend its promulgation in accordance with the judgment, sue out a writ of mandamus to compel it to perform a plain ministerial duty.
"There can be little doubt, that in election contests the committee which tabulated and promulgated the returns is a proper and necessary party. See Bauer v. Gilmore, La.App., 165 So. 739, 742. Hence, forasmuch as the committee is a proper party to the litigation (although the primary statute does not specifically require it to be made a party), we can see no valid reason why it should not be commanded by mandamus to change its returns in accordance with the result of the recount in the event it is determined that the relator is entitled to relief. That mandamus is proper in cases like this is clearly pointed out by our Brethren of the First Circuit in Bauer v. Gilmore, supra, for, there, Mr. Bauer, the contestant, was held not to have stated a cause of action because, in the relief prayed for by him, he did not ask for a mandamus against the St. Mary Parish Democratic Executive Committee. The court said:
"`Therefore, in this case, even though we concede from the allegations of plaintiff's petition that he is entitled to be declared the nominee under the relief prayed for by him, limited as the prayer in his petition is, we would be powerless to compel the committee to so declare him and certify his name to the secretary of state, which that committee must do before he can officially become the nominee of the party and have his name placed on the official ballot at the general election, as is in effect held in the ruling of the Supreme Court just quoted. A judgment in his favor on the prayer of his petition as presented would be an empty one, and could not produce the legal effect desired.'
"So we say in this case that, if the relator had not sought relief by mandamus against the committee to compel it to amend its returns, a judgment in his favor against *Page 616 
the contestees would be an empty one if the committee failed or refused to act. The second primary is fixed by the committee for May 13, 1941, and it would hardly be possible, in the event of the committee's refusal to amend the returns, for the relator, after the judgment against the contestees became final, to obtain the relief he desires prior to the date of the second primary. Under such circumstances, the courts should and will permit relief to be had by writ of mandamus, in the election contest proceeding."
It will be noted that in the above case we referred to the case of Bauer v. Gilmore, 165 So. 739, in which the Court of Appeal for the First Circuit has held that a plea of misjoinder was not well founded under similar circumstances. In Bauer v. Gilmore, the Court of Appeal for the First Circuit cited Porter v. Conway,181 La. 487, 159 So. 725, 732, in which the Supreme Court said:
"In considering the exception of nonjoinder of parties defendant, it might be well to state that the evidence offered in the trial of the rule shows, and relator in his application for writs alleges, that another candidate, John B. Fournet, has qualified to run in the October 9th primary. The Secretary of State is only a nominal defendant, his duties in connection with this controversy being purely ministerial. The real parties at interest are the new candidate who has qualified and seeks the nomination, the Third Supreme Court District Democratic Executive Committee, whose right to refuse to declare the plaintiff the nominee and authority to order the October 9th primary election are challenged, and the electorate of the district, whose right to express their choice by their note, as to whom they shall select as a Justice of the Supreme Court. The rights of these will be denied if the plaintiff prevails."
One of the contentions of the attorney for respondents is that all that may be done here is to declare relator the nominee and that then the Secretary of State must place his name on the official ballot. This identical contention was made in Porter v. Conway, supra, but the Supreme Court held that the Secretary of State could not act except upon a certificate from the proper Committee. The Court said:
"We are further moved to grant the writs applied for by another consideration. In Felix v. Michel, 122 La. 352, 47 So. 638, the doctrine of which appears to us entirely sound, it was held that courts are without power to prevent the Secretary of State from placing upon the official ballot the names of all candidates that have been certified to him by the Executive Committee under the primary law.
"Counsel for plaintiff contends that the committee is nowhere required to make a certificate to the Secretary of State under the circumstances of the case at bar; that `all the Committee does is to call off the primary; that the law makes the plaintiff the nominee, not the action of the Committee; and that the Secretary of State must put plaintiff's name on the ballots because the law says he is the nominee.' We disagree with learned counsel, basing our opinion on section 28 of Act No. 97 of 1922, which we quote again:
"`That the State Central Committee and all other subordinate or local committees of all the political parties coming within the provisions of this act, as now constituted are hereby recognized as the legal committees and the governing authorities of the said political parties.'"
The latest authorities are opposed to the position contended for by counsel for relators, therefore, the exception of misjoinder must be overruled.
We express no opinion as to the other exceptions not considered below.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, the exception of misjoinder is overruled, and it is now ordered that the case be remanded to the Twenty-Fifth Judicial District Court for the Parish of St. Bernard for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded. *Page 657