FOURNET, Justice.
 

 Fieldon D. Courtney, within 48 hours following the action of the Parish Democratic Executive Committee declaring ■Charles (Bubbie) Abels to be the nominee for the office of assessor for the Parish •of Livingston as the result of a second primary election held on February 29, 1944, invoked the provisions of Section 86 of Act No. 46 of 1940, the act under which the contested election was held, seeking to have the ballots cast in certain precincts recounted, and, after such recount, to have himself declared to be the Democratic nominee for this office. Two days later, by supplemental and amended petition, the Parish Democratic Executive Committee was made a party to the suit.
 

 The contestee and the committee, averring that inasmuch as the supplemental and amended petition making the committee a party to the suit was filed more than 48 hours following the official promulgation of the returns by the committee, pleaded exceptions to the jurisdiction of the court rationae materiae and of no cause and no right of action. The contestee individually filed exceptions of no right and no cause of action and of nonjoinder of proper parties defendant.
 

 The trial judge dismissed' the supplemental and amended petition on the ground that it had been filed too late, and, being of the opinion that the committee was a necessary party to the suit, maintained the contestee’s exceptions of nonjoinder of parties defendant and of no cause of action to the original petition, dismissing the plaintiff’s suit.
 

 In Section 86 of Act No. 46 of 1940 it is declared that all contests in elections held under the provisions of the act “shall be made before the courts of the State,
 
 as herein prescribed,
 
 which are hereby fully vested with the necessary power, authority and jurisdictions to hear, try and determine the same.” Subsection (a). Candidates for nomination for municipal, parochial, and district offices claiming that but for irregularities or fraud they would have been entitled to a second primary and desire to contest such election, shall present a petition to the district court of the parish
 
 *307
 
 in which the contestee resides declaring in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made. In addition to this action, the act specifically declares that
 
 "the contestant or the contestee may, on allegation on information and belief that a proper recount of any box or boxes in the municipality, district, pcM’ish or State as the case may be would change the result of said election, require the recount of all or my specified ballot boxes,”
 
 the only requirement being that a deposit of $20 be made for each box sought to be recounted. It then becomes the mandatory duty of the judge to name sufficient counters in order that such ballots may be recounted and, on the day set for the trial of the contest, to proceed in open court “to cause said boxes to be recounted and the result of such recount to be publicly announced in the court room.” Subsection (b). He is further required to render judgment within 24 hours after the case is submitted, subsection (d), the right to appeal being reserved to the party cast upon furnishing adequate bond, provided such is applied for within 5 days from the rendition of the judgment, and the appellate court is also required to decide such matters within 24 hours after submission. Subsection (e). (Italics ours.)
 

 This section (86) also contains the provision that “No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the Secretary of State, or by respective committees as provided herein.” Subsection (h).
 

 Thus it may be seen that the lawmakers, in detailing the procedure to be followed in election contests under this section of the election act, did not require that the respective Democratic Executive-Committees be made a party to such suits; nor has the contestee pointed out any other provision of the act requiring that the committee be made a party.
 

 While the identical question here raised has not previously been presented to this, court for decision since the adoption of Act No. 46 of 1940, it was presented to this court under the preceding primary election laws, Act No. 49 of 1906 and Act No. 97 of 1922, and in each instance was decided adversely to the contention of the contesteehere and the holding of the trial judge. See, Bailey v. Janvier, 120 La. 893, 45 So. 932; and Vidrine v. Eldred, 153 La. 779, 96 So. 566. In the Janvier case the court, in its own syllabus, states: “The law * * * authorizing a candidate in a primary election, who feels aggrieved by the decision of the state central committee upon his protest against the result, as promulgated by the Secretary of State, to have such decision reviewed by a court of competent jurisdiction, in a proceeding, by rule, against the ‘person declared by the committee to be the nominee,’ no more authorizes or contemplates a suit or proceeding against such committee, than against the Secretary of State, and as neither the one nor the other has any interest in the result of such suit there is no reason why either should be made, and no authority for making either, a party defendant therein.
 
 The only person whom the complaining candidate is authorised, or has any reason, to
 
 
 *309
 

 bring into court in such case is the opposing candidate or nominee, and the ‘court of competent
 
 jurisdiction/
 
 so far as he is concerned, is the court of his domicile.”
 
 (Italics ours.)
 

 Since the 1940 act was adopted, however, this question has been adjudicated on adversely to contestee’s contention by the Court of Appeal for the Second Circuit in the case of Beard v. Henry, La.App., 199 So. 468, 472, and that court, citing the case of Vidrine v. Eldred, supra, very aptly pointed out in disposing of the issue:
 

 “The executive committee, after proclaiming the result of the election and declaring the defendant the nominee, stripped Itself entirely of jurisdiction in connection therewith. To challenge the validity of the election in whole or part, the committee was not a necessary party. It had no-interest in the outcome of the contest between the two candidates.
 
 The above-referred to subsection (b) of Sec. 86 of the 1940 Act clearly directs the mode and method by which contests thereunder may be originated and conducted.
 
 The petition of the contestant therein referred to should be presented to the district judge, who, if he finds that the allegations justify him in doing so, ‘shall issue an order directing the contestee to answer the petition within five (5) days after service upon him’, etc.
 
 Nothing is said about and no reference is made to the necessity of the committee being made a party to the action and since this is tníe, there appears no good reason for supplementing the procedure thus outlined by requiring something to be done which the act specifically omits.”
 
 (Italics ours.) See, also, State ex rel. Nunez v. St. Bernard Parish Democratic Executive Committee, 165 La. 685, 115 So. 901.
 

 The cases relied on by the contestee (Bauer v. Gilmore et al., La.App., 165 So. 739; and State ex rel. Burg v. Folse, La.App., 17 So.2d 32), are neither apposite nor controlling in the instant case. As was pointed out by the Court of Appeal for the Parish of Orleans in the case of State ex rel. Glorioso v. Board of Supervisors of Elections for Parish of Jefferson, La.App., 198 So. 773, 778, “the present election law, Act No. 46 of 1940, which, in section 86, deals with election contests, contains, also, another section — No. 101 — not contained in the former law (Act No. 97 of 1922)— which section provides for * * * injunction and mandamus proceedings.” Continuing, the author of the opinion declares : “it is especially to be noted that, although section 86, dealing with election contests, requires that ‘the appellate court shall decide the same within twenty-four hours after submission’, the only requirement of section 101 involving injunction and mandamus proceedings is that ‘* * * all proceedings taken to enforce the provisions of this Act shall be summary and same shall be tried by preference and before all or any other proceedings’. Surely there is a vast distinction between the requirement that an ‘election contest’ must, on appeal, be decided within twenty-four hours, and the requirement that a mandamus or an injunction proceeding must be tried summarily and by preference.” Thus clearly indicating that the legislature took cognizance of the fact that in the juris
 
 *311
 
 prudence of this state there were cases other than those specifically provided for in our election laws that would require the aid of the courts for the proper protection and enforcement of the rights asserted under the election laws, and a mere reading of the cases relied on by the contestee will show that they fall under that category.
 

 Counsel for the defendant contestee have also urged in their argument, both orally and in brief, that the plaintiff has failed to state a cause of action in that he did not allege in his petition that he had been a candidate for the office to which he is now seeking the nomination. We think this contention is without merit for although the plaintiff did not allege specifically that he was a candidate, he did allege that many of the legal ballots cast in his favor were marked spoiled; that in the counting of the ballots many were cast for him that were fraudulently counted for his opponent; and that a recount would show he had received a majority of the votes cast in the election, thus entitling him to the nomination.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is ordered remanded for further proceedings consistent with the views herein expressed and according to law. The costs of the proceedings in this court are to be borne by the contestee, Charles (Bubbie) Abels; all other costs are to await the final determination of the case.
 

 PONDER, J., recused.
 

 ODOM, J., absent.