PER CURIAM.
This case involves a contest for the Democratic nomination for a seat in the House of Representatives between plaintiff, Eugene Gouaux, and defendants, Richard Guidry and R. J. Soignet.
Plaintiff prayed for a recount of certain ballot boxes in the Parish of Lafourche, and annexed to his petition a deposit to defray the expenses of the recount as required by law.
Exceptions of no cause of action, no right of action, vagueness, misjoinder of parties defendant, nonjoinder of parties plaintiff and nonjoinder of parties defendant, were filed by defendants, and with reservation of the foregoing exceptions defendant filed an answer;
On March 3, 1952, judgment was rendered maintaining the exception of no cause of action and dismissing plaintiff’s suit, and the plaintiff has accordingly taken and perfected an appeal to this Court.
When the case was called for argument in this Court, counsel for appellees filed an exception to the jurisdiction ratione ma-teriae based upon the proposition that the emoluments of the office of Representative are $2,400 for the four year term and therefore exceeding our jurisdictional amount of $2,000.
It is admitted that the emoluments of the office for the full term of four years is the sum of $2,400.
It has been repeatedly stated by the Supreme Court that in this State the Democratic nomination is tantamount to an election. See Grace v. Boggs, 220 La. 22, 55 So.2d 768; Perez v. Cognevich, 156 La. 331, 100 So. 444.
In the case of Waguespack v. Richard, recently decided by the Supreme Court, 57 So.2d 220, a similar contest in which a recount was being sought for the Democratic nomination for the office of sheriff for the Parish of Assumption, jurisdiction necessarily was assumed as the Supreme Court dismissed the appeal for want of a signed judgment.
We also note that the Supreme Court assumed jurisdiction in the case of Court *765 ney v. Abels, 205 La. 304, 17 So.2d 337, which involved the Democratic nomination for'the office of Assessor for the Parish of-Livingston, Louisiana.
For the above reasons, we hereby sustain the exception to the jurisdiction of this Court and it is therefore ordered that the appeal herein be transferred to the Supreme Court within five days from this date, otherwise same be dismissed.