57 So.2d 894

GOUAUX v. GUIDRY et al.

No. 40751.

March 18, 1952.

Harvey Peltier, Donald L. Peltier, Thibodaux, for plaintiff-appellant.

Bernard L. Knobloch, Clyde C. Caillouet, Thibodaux, for defendants-appellees.

McCALEB, Justice.

In the Second Primary Election held on February 19, 1952, four candidates were seeking the Democratic nomination for two seats in the House of Representatives from the Parish of Lafourche, namely, R. J. Soignet, Richard Guidry, Eugene G. Gouaux and Harvey Peltier, Jr. Soignet and Guidry, having received more votes than the other candidates according to the returns of the election commissioners, were certified, on February 23, 1952, by the Democratic Executive Committee of Lafourche Parish as the nominees.

Thereafter, on February 25th, Gouaux, who ran third in the Committee's tabulation, brought the instant suit against Soignet and Guidry contesting their nominations. He claims that a recount and examination of the ballots in the ballot boxes of ten of the precincts will show that he received a sufficient number of votes to give him the nomination as one of the members of the House and thus would change the result promulgated by the Lafourche Parish Democratic Executive Committee.

Defendants appeared and filed exceptions of vagueness, misjoinder of parties defendant, nonjoinder of parties plaintiff and defendant and no right or cause of action, together with their answer, in which they denied plaintiff's claims and asserted that a recount of all of the boxes of the Parish would reveal the correctness of the action of the Committee in certifying them as nominees.

After hearing argument on the exceptions, the trial judge maintained the exception of no cause of action and dismissed the suit. Plaintiff then appealed to the Court of Appeal, First Circuit. That court, however, refused to consider the case, holding that, since the emoluments of the office of member of the House of Representatives exceeded $2,000, appellate jurisdiction was vested in this court, citing Perez v. Cognevich, 156 La. 331, 100 So. 444 and Grace v. Boggs, 220 La. 22, 55 So.2d 768. Accordingly, the appeal was transferred here under the provisions of LSA-R.S. 13:4441.

Imprimus, counsel for defendants have challenged the action of the Court of Appeal in transferring the case to this court. They do this by way of an exception of prescription in which they maintain that, since the appeal was not lodged here within five days from the rendition of the judgment of the District Court, it should be dismissed.

We find no merit in the point. LSA-R.S. 18:364, subd. E, formerly paragraph (e) of Section 86 of Act No. 46 of 1940, declares,

in substance, that the aggrieved party in election contests "shall have the right of appeal as in other cases \* \* \*" provided "\* \* \* the appeal shall be filed in the appellate court within not more than five days from the rendition of the judgment, \* \* \*." The appeal in this case was filed within the above stipulated time in the appellate court to which it had been taken and that court, upon perceiving that it was without jurisdiction, correctly transferred it here under LSA–R.S. 13.4441, which states: "In any case otherwise properly brought up on appeal to the Supreme Court, or to any of the courts of appeal, the judges of these courts may, in cases where the appellant or appellants shall have appealed to the wrong court, transfer the case to the proper court instead of dismissing the appeal. The court to which the cause is transferred will proceed with it in the same manner as if the case had been originally appealed to the proper court."

■ Hence, since the appeal was timely perfected to the Court of Appeal, the fact that it was not lodged here within the five day period provided by statute is of no consequence. See Allen v. Republican State Central Committee of Louisiana, La. Sup., 57 So.2d 413.

The obiter dictum in Jeanfrau v. Plaquemines P.D.E. Committee, 204 La. 713, 16 So.2d 241, 244 (relied on by defendants)

that "it is not possible for the court or for the law itself to make allowance for delays caused by mistakes or negligence on the part of an appellant", while appropriate to the facts there under consideration, cannot be extended to this matter.

Defendants' exception of no right or cause of action is based on the theory that, notwithstanding plaintiff's prayer that the court (after a recount of the ballots) declare him to be one of the nominees, his petition is insufficient in that he has failed to request that the court order that the Lafourche Parish Democratic Executive Committee certify his name to the Secretary of State as such or that said Committee be directed to rescind its prior certification and substitute his name in place of one of the defendants. This is just another way of saying that there is a nonjoinder of parties resulting from plaintiff's failure to make the Lafourche Parish Democratic Executive Committee a party defendant so that it could be ordered to certify plaintiff's name to the Secretary of State in the event he is successful in this action. But neither the Primary law, Section 86 of Act No. 46 of 1940, LSA–R.S. 18:364, nor the jurisprudence construing it, Courtney v. Abels, 205 La. 304, 17 So.2d 337 and cases there cited, requires that, in election contests of this sort, the particular committee having the duty of certifying the results be made a party to the proceeding.[1]

---

1. Compare State ex rel. Haas v. Gegenheimer, La.App., 2 So.2d 238, holding that, whereas the Committee is a proper party in election contests involving a recount, it is not indispensable.

Indeed, the trial judge, in his reasons sustaining the exception of no right or cause of action, recognized that defendants' exception was, in reality, one of nonjoinder— for he specifically refused to follow our decision in Courtney v. Abels, supra, notwithstanding that it was his obligation to do so, and ruled that the Lafourche Democratic Executive Committee was an indispensable party to the proceeding. And he further opined that, in view of the ruling of the Court of Appeal for the First Circuit in Bauer v. Gilmore, La.App., 165 So. 739, plaintiff's prayer that he be declared one of the nominees was inadequate to support a judgment in his favor forasmuch as plaintiff's failure to join the Committee and pray for appropriate relief from its prior action rendered the court powerless to have its decree enforced.

■ That this resolution is palpably erroneous is reflected by the statute itself, Section 86 of Act No. 46 of 1940, LSA–R.S. 18:364, which, in detailing the procedure to be followed in election contests, declares merely that, after the boxes are recounted, the result of the recount is "to be announced publicly in the court room" and does not, as stated in Courtney v. Abels, [205 La. 304, 17 So.2d 338], "require that

the respective Democratic Executive Committees be made a party to such suits * * *". In the Courtney case, we further pointed out that Bauer v. Gilmore (relied on by defendants and the trial judge) was "neither apposite nor controlling". That observation is applicable in the case at bar with the further statement that, if the language in the Bauer opinion be construed as depriving plaintiff of a recount[2] because he asked for no relief against the Parish Executive Committee, then that decision is to be rejected as unsound.

An examination of all of the exceptions interposed by defendants has convinced us that none is well founded in law. They are, therefore, overruled and the case will be remanded for a trial on the merits.

For the foregoing reasons, the judgment appealed from is reversed and the cause remanded to the District Court for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal are to be paid by defendants; taxation of other costs is to await final disposition of the case.

LE BLANC, J., absent.

2. To which he is entitled as a matter of right under LSA–R.S. 18:364 provided, of course, he complies with the conditions set forth therein.