PER CURIAM.
This is an election contest under LSA-R.S. 18:364. The plaintiff appeals from judgment dismissing his suit upon exceptions.
The plaintiff, Crawford H. Downs, and the principal defendant, F. Jean Pharis, were candidates for the office of District Attorney for the Ninth Judicial District.[1] According to the allegations of the petition, Pharis, the defendant, was certified as the nominee for that office following the Democratic Second Primary election held on August 27, 1960, upon the basis of returns showing that he had received 13,045 votes to 12,999 votes for the plaintiff, i. e., a majority of 46.
By his action the plaintiff prays that he instead of the defendant be declared the nominee. The main demand of his petition is that the Absentee Voter Law, LSA-R.S. 18:1071- 18:1081 (Act 254 of 1960), be declared unconstitutional, that therefore the 746 absentee ballots cast in the second primary election' for the office of District At *864 torney (of which 426 were received by the defendant and 320 by the plaintiff) be declared invalid, and that these allegedly illegal votes be deducted from the total cast for each candidate at said election, which would result in the plaintiff receiving a majority of the legal votes cast at said election and entitled him to be the Democratic nominee for District Attorney. Alternatively, the plaintiff prays for a recount of the votes cast in the election, alleging that “a proper recount of all of the boxes and all of the ballots cast in said election would change the result of the election and that Contestant and not Con-testee received a majority of the legal -votes cast at such election and is therefore entitled to be declared the Democratic Party’s nominee and certified as such.” .A deposit to defray the expenses of the recount as required by LSA-R.S. 18:364 was made at the time the petition was filed.

The Principal Demand.

'The principal demand of plaintiff that Act 254 of 1960 be decreed to be unconstitutional will be considered first.
The Constitution of 1921 authorizes the Legislature to provide a method by which ■absentee voting may be permitted. Article •'8, Section 22, LSA. It further provides that, “The Legislature shall enact laws to secure fairness in party primary elections, ■conventions, or other methods of naming party candidates * * Article 8, .‘Section 4, Article 8, Section 15, of the constitution provides that, “The Legislature ■shall provide some plan by which the voters may prepare their ballots in secrecy at the polls * * (Italics added.)
In Dowling v. Orleans Parish Democratic Committee, 1958, 235 La. 62, 102 So. 2d 755, an issue was presented as to whether LSA-R.S. 18:258-18:260, which at that time provided the method for casting absentee ballots, violated the purpose of the constitutional provision decreeing secrecy of the ballot. Although the constitutionality of those provisions of law was not determined, the Supreme Court observed that:
“ * * * the absentee voting law as written when adapted to use with voting machines, in addition to exposing the voter to intimidation and other forms of reprisal, presents a ready-made pattern for vote fraud, such as vote buying, and constitutes such a serious situation that the matter addresses itself to the Legislature for prompt correction at its next session.” 102 So.2d 762.
The Legislature, apparently in response to this suggestion by the Supreme Court, adopted Act 254 of 1960 (LSA-R.S. 18:-1071-18:1081), containing a number ef substantial changes in the manner in which absentee voting is conducted. Plaintiff contends, however, that Act 254 of 1960 fails to provide a uniform method by which absentee ballots are to be marked, and thus it does not set out a plan by which absentee votes - can be cast in secrecy, as guaranteed by Article 8, Section 15, of the constitution.
This act, in amending LSA-R.S. 18:1074, provides that when a voter applies in person to the clerk of court to cast an absentee ballot, he shall fill in his ballot in secret and “after the applicant has properly marked the ballot and properly folded it,” he shall deposit it in the envelope furnished him by the clerk and seal it in the presence of the clerk. The same section of the Revised Statutes, as amended, provides that an absent voter who votes by mail shall mark his ballot “using an indelible pencil or pen.” Plaintiff contends that although there is a specific provision that absentee ballots cast by mail are to be marked with indelible-pencil or pen, there is no provision in the 1960 Act as to what type of mark is to be placed on absentee ballots cast by voters in person in the presence of the clerk of court.
LSA-R.S. 18:349, relating to primary elections, provides that, “The ballot with a *865 slip so numbered shall be handed by the commissioners to the voter, who shall take it with him into the voting poll, and within the polling booth shall designate his candidate for each office by making a cross with a pencil containing black lead in the voting space to the right of, and opposite, the names of the candidates for whom he desires to vote * * *.” (Italics added.)
This last quoted provision of the Revised Statutes has been rendered somewhat obsolete by the adoption of the voting machine law, at least as to ballots cast in person at the polls. That section of the Revised Statutes, however, has never been repealed, and in our opinion it continues to be the law of the State, except insofar as it may be superseded by or in conflict with the voting machine law or other later statutes.
Article 17 of the LSA-Civil Code provides that “Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another.” LSA-C.C. Article 18 provides that, “The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.”
In State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112, 114, the Supreme Court said:
“It is to be remembered that the Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible * * *.”
In our opinion LSA-R.S. 18:349 and LSA-R.S. 18:1074, as amended by Act 254 of 1960, must be construed with a reference to each other. In so doing, we con-elude that the requirement in Act 254 of 1960, to the effect that absentee ballots cast in person with the clerk of court be “properly marked,” means that such ballots must be marked as provided by other laws of the State, including LSA-R.S. 18:349.
Act 254 of 1960 also provides that absentee ballots cast by mail shall be marked by indelible pencil or pen, which is a method of marking different from that provided in LSA-R.S. 18:349. Plaintiff contends that this provision does not afford the voter a secret vote, as guaranteed by the constitution, because it does not specify a uniform symbol, such as an “X,” to be used in marking the ballot. This provision also must be construed with LSA-R.S. 18 : 349, and after doing so we conclude that the Legislature intended that all of the absentee ballots authorized by Act 254 of 1960 shall be marked with a cross.
Although it may be argued that the method of marking ballots, as provided in Act 254 of 1960, is not uniform because some ballots must be marked with a pencil containing black lead and others must be marked with an indelible pencil or pen, the test to be applied in determining its constitutionality is whether it provides the “fairness,” guaranteed by Article 8, Section 4, of the constitution, or the “secrecy,” assured by Article 8, Section 15. We conclude that the statute does not violate either of those provisions of the constitution.
Plaintiff points out that the form of ballot furnished to absentee voters contains a statement that, “To vote for a candidate make a cross mark X with a black lead pencil in the square opposite his or her name.” The printed instructions which accompany each absentee ballot provide that persons casting an absentee ballot by mail “must use an indelible pencil or pen” in marking the ballot. Plaintiff contends that because of these inconsistent instructions, the absentee voter plan devised by the Legislature under the provisions of Act 254 of *866 1960 is “vague, general, obscure, broad, uncertain, duplicitous, contradictory, contains mutually exclusive provisions and lacks uniformity.” While it may be true that the instructions which appeared on each ballot were inconsistent with a part of the printed instructions which accompanied it, we are convinced that that circumstance does not warrant a conclusion that Act 254 of 1960 is unconstitutional, or that any constitutional right of a voter was violated.
As another basis for attacking the constitutionality of Act 254 of 1960, plaintiff contends that the statute fails to specify the color of ink or indelible pencil which may be used in casting absentee ballots by mail, pointing out that there are more than twenty-five commercial colors used in indelible pencils and inks. There are no allegations in the petition that any particular color ink or pencil was used in casting a single ballot, and no issue has been presented in this case as to whether some of the ballots cast should be decreed to be spoiled or void for any reason other than that Act 254 of 1960 is unconstitutional. The act provides a plan by which a voter may prepare his ballot in secrecy and that satisfies the requirements of the constitution.
Counsel for plaintiff relies heavily upon the cases of Dowling v. Orleans Parish Democratic Committee, et al., supra, and Hart v. Picou, 1920, 147 La. 1017, 86 So. 479. In each of those cases, however, there was a failure to comply with the election laws, and in the Dowling case fraud was established. In this case there are no allegations to the effect that fraud has been committed or that the election laws have been violated. We conclude, therefore, that neither the Dowling nor the Hart cases are relevant to the issues presented here.
Since plaintiff’s principal demand is based on the contention that Act 254 of 1960 is unconstitutional, and since we have concluded that there is no merit to that contention, the exception of no right or cause of action filed by the defendant contestee must be maintained. In view of that conclusion it is not necessary to consider the plea of estoppel urged by defendant.

On the Alternative Demand For a Recount.

Plaintiff alleged alternatively that should the Court hold Act 254 of 1960 (LSA-R.S. 18:1071-18:1081) to be constitutional he is entitled to a recount under the provisions of LSA-R.S. 18:364. The pertinent provisions of this section provide:
“ * * * the contestant or the con-testee may, on allegation on information and belief that a proper recount of any box or boxes in the municipality, district, parish, or state, as the case may be, would change the result of the election, require the recount of all or any specified ballot boxes. In order to obtain the recount the candidate shall accompany his petition or answer with a deposit in cash of twenty dollars for each box on which a recount is demanded, which sum shall be used to defray the expenses of the recount, including a reasonable fee to the counters of the boxes. It shall not be necessary in order to obtain the recount to allege or prove any specific fraud or irregularity
In Articles 25 and 26 of his petition, plaintiff alleges that a proper recount of all of the boxes and of all of the ballots cast in the said election would change the result of the election and that if such were done he would be declared the nominee in said election. Petitioner stated further that he was entitled to a recount and deposited with the clerk of court sufficient money for said purpose.
The trial judge disallowed the alternative demand for a recount for the reason that plaintiff did not pray for relief limited to a recount of the absentee ballots and that the granting of same would not satisfy his demand.
*867 Counsel for defendant, F. Jean Pharis, takes the position that under the decisions of the appellate courts of this State in the cases of Lewis v. Democratic Executive Committee of Eunice, Louisiana, et al., 232 La. 732, 95 So.2d 292; Landry v. Ozenne et al., 194 La. 853, 195 So. 14, and Dumestre v. Fisher, La.App., 195 So. 25, plaintiff does not have the right to ask for a recount. The cases of Landry v. Ozenne et al. and Dumestre v. Fisher, supra, were decided before LSA-R.S. 18:364, which is Section 86 of Act No. 46 of 1940, was enacted. The Lewis case, supra, stands for the proposition that a recount cannot he had where voting machines are used. However, in the case at bar, counsel for plaintiff is not asking solely for a recount of the tabulations shown on the voting machines, but is asking also for a recount of the absentee votes which are voted by ballot. It is his contention that he is entitled to have a recount of the absentee votes, and after these votes have been determined that they he added to the total of each voting machine to get the actual total vote in each precinct.
The Court is of the opinion that under the plain provisions of LSA-R.S. 18:364, quoted above, plaintiff is entitled to this relief. Otherwise, it would be impossible to ever contest absentee votes in an election where voting machines were used.
Considering Articles 25 and 26 of the petition, together with his general prayer for relief, and the liberal jurisprudence of this State, the Court is of the opinion that plaintiff has alleged a cause of action and is entitled to the relief prayed for on the alternative demand.
Decree
For the foregoing reasons, the judgment in favor of the Rapides Parish Democratic Executive Committee and against the plaintiff, sustaining the exception of no cause of action and dismissing the plaintiff’s suit is affirmed, as is the judgment sustaining the exception of no cause of action and dismissing the plaintiff’s suit against the defendant, F. Jean Pharis, Contestee, upon the main demand (which prays that the absentee ballots be declared illegal and deducted from the total cast as having been voted pursuant to an unconstitutional statute). However, the judgment of the trial court sustaining the exception of no cause of action as to plaintiff’s alternative demand (which prays for a recount pursuant to LSA-R.S. 18:364 of the ballots cast, especially of the absentee ballots) is reversed, and this cause is remanded to the District Court for further proceedings according to law and consistent with the views herein expressed. The cost of this appeal is to he paid by the defendant, F. Jean Pharis; taxation of other costs is to await final disposition of the case.
Affirmed in part; reversed in part and remanded.

. The Rapides Parish Democratic .Executive Committee was joined as co-defendant. The trial court, dismissed the suit against this co-defendant upon exceptions of no cause of action and misjoinder of parties defendant; Gouaux v. Guidry, 220 La. 916, 57 So.2d 894; Courtney v. Abels, 205 La. 304, 17 So.2d 337. The plaintiff-appellant does not question this . ruling upon the appeal.