PER CURIAM.
This action grows out of the conduct of the Democratic Primary held on April 4, 1970 for the election of the party’s nominees for the positions of Mayor and Councilmen for the City of Denham Springs, Louisiana. The plaintiffs are persons who failed to acquire sufficient votes to participate in the run-off election to be held on May 16, 1970.
Attorneys for plaintiffs have labeled their action “Petition for Writ of Mandamus”. We note that they also rely upon certain procedures that are provided for under our election statutes. L.R.S. 18:364.
Their main ground for objection is that the lists of voters furnished by the Registrar of Voters to the Commissioners contain the names of persons residing within the precincts but outside of the city limits of Denham Springs, and that “an indeterminate” number of these people voted in the election.
The prayer of the petition asks:
“that said committee be cited to appear in answer hereto within five (5) days of date of service, as provided by law, and to show cause, on such a date and hour as may be fixed by. the Court, why a Writ of Mandamus should not issue forthwith, ordering and directing said committee, through its chairman, to set aside and declare void that election of *430 April 4, 1970, and call a new primary election * *
Defendants filed exceptions of no right or cause of action, vagueness and non-joinder of indispensable parties defendant. The court sustained the exception of no cause or right of action and dismissed plaintiffs’ suit. From this judgment plaintiffs have timely appealed.
Appellants while specifically negating any allegation or charge of fraud or ill practice on the part of the Committee, contend that the Committee is charged with, the obligation of conducting an election in which the will of the voters may be freely expressed. In this regard appellants claim the Committee is bound to recognize the several serious errors allegedly made in the conduct of the election, and claim that since ineligible voters were permitted to participate in the election the true will of the electorate of the municipality could not be determined in this instance.
Defendant claims that if plaintiffs’ suit is viewed as a mandamus action it must fall since mandamus will lie only to compel the performance of purely ministerial duties. Defendant points out that plaintiffs ask that we compel the Committee to perform a discretionary act. If, however, the action is to be characterized as an election contest under R.S. 18:364, defendant claims that the successful candidates in the primary are indispensable parties defendant and have not been joined herein. Under those circumstances they claim that plaintiffs’ suit must be dismissed.
Whether this present action is viewed exclusively as one of mandamus or whether it is considered an election contest, it must fail for procedural reasons, and the judgment of the district court dismissing the same must be affirmed.
LSA-C.C.P. Article 3863 provides that mandamus will lie to compel performance of a ministerial duty by a public official or agency.
Counsel for appellant relying on State ex rel. Graham v. Republican State Central Committee of Louisiana, 193 La. 863, 192 So. 374; State ex rel. Elston v. Parish Democratic Executive Committee, 173 La. 844, 138 So. 857; Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167 contends that it is the Committee’s mandatory duty to set aside the election held in this case.
We note that in each of the cited authorities purely ministerial duties were involved. For example in State ex rel. Graham v. Republican State Central Committee of Louisiana, above, the relief sought was mandamus to compel the Committee to accept nomination papers timely and properly filed. In State ex rel. Elston v. Parish Democratic Executive Committee, above, mandamus was prayed for to compel defendant committee to accept qualification papers and to call an election within the time provided by law. In Brown v. Democratic Parish Committee, above, the Committee was directed to certify the names of relators as eligible to run for office.
In this case, mandamus was sought to compel the Committee to set aside an election for alleged irregularities. Patently, such a determination is at least quasi-judicial in nature. It involves a consideration of evidence and a decision based thereon. This is not a ministerial duty and mandamus will not lie to compel appellee to reach a particular result in a matter in which its discretion and evaluation of evidence must be exercised. Mandamus is not the proper remedy under the circumstances.
Considering this matter as an election contest pursuant to LSA-R.S. 18:364, it is well settled that persons declared party nominees in an election are indispensable parties. It was so held in Nunez v. St. Bernard Parish Democratic Executive Committee, 165 La. 685, 115 So. 901 (1928) and Vidrine v. Eldred, 153 La. 779, 96 So. 566 (1923) prior to the adoption of LSA-R.S. 18:364 in 1940. Subsequent to the enact *431 ment of LSA-R.S. 18:364 the Supreme Court in Courtney v. Abels, 205 La. 304, 17 So.2d 337 (1944) held that Section 364, above, required that the contestee be joined as an indispensable party in an election contest suit. The exception of failure to join an indispensable party is well taken.
Accordingly, for the above and foregoing reasons the judgment appealed from is affirmed at appellants’ costs.
Affirmed.