328 So.2d 159 (1976)
Roger Dale McGEE
v.
Walter LEE, Clerk of Court, et al. Roger Dale McGEE
v.
BOARD OF SUPERVISORS OF ELECTIONS.
Nos. 57321 and 57323.
Supreme Court of Louisiana.
February 23, 1976.
*160 J. Clyde Fontenot, Ville Platte, for plaintiff-appellant.
J. Jake Fontenot and Donald J. Tate, Mamou, for defendants-appellees.
DENNIS, Justice.
These consolidated cases present election contests under La. R.S. 18:420 (added, Acts of 1975, No. 1). The plaintiff appeals from judgments declaring the statute unconstitutional and dismissing his suits.
The plaintiff in each case, Roger Dale McGee, and Conrad Fusilier, were candidates for the office of justice of the peace in Evangeline Parish. According to the allegations of the petitions, the tabulations following the general election on December 13, 1975 indicated that Fusilier received 1372 votes to 1371 votes for the plaintiff.
The main demand of the petition in each case is for a recount of the absentee ballots in certain precincts of the parish. The only difference in the two suits is that in No. 57,321 plaintiff joined Fusilier and the Clerk of Court of Evangeline Parish as defendants, and in No. 57,323 plaintiff sued for a recount by mandamus against the Board of Supervisors of Elections of Evangeline Parish. After hearings on rules to show cause in both cases, the trial judge dismissed the suits on the ground that the statute relied on by plaintiff, La. R.S. 18:420, was unconstitutional because it sought to require the court to perform a non-judicial function, i.e., the appointment of counters for the purpose of recounting the absentee ballots.
The statute in question, La. R.S. 18:420, provides as follows:
"A. In elections under this Part all contests shall be made before the courts of the state, as herein prescribed, which courts have the necessary power, authority and jurisdiction to hear, try and determine them.
"B. Any candidate for nomination to any office who claims that but for irregularities or fraud he would have been nominated and/or he would have been entitled to enter a general election and who desires to contest the election, shall present a petition to the judge of the district court of the parish in which the capitol of the state is situated, if the office be that of governor, lieutenant governor, attorney general, secretary of state, state treasurer, superintendent of public education or other state officer. If the office be a municipal, parochial or district office, the petition shall be presented to the district court of the parish in which the contestee resides. The petition shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made. In addition to the procedure set forth above, the contestant or the contestee may, on allegation made on information and belief that a proper recount of any absentee ballots in the municipality, district, parish or state, as the case may be, would change the result of the election, require the recount of all or any specified absentee ballots. In order to obtain the recount the candidate shall accompany his *161 petition or answer with a deposit in cash of twenty dollars for each precinct in which a recount of absentee ballots is demanded, which sum shall be used to defray the expenses of the recount, including a reasonable fee to the counters of the absentee ballots. It shall not be necessary in order to obtain the recount to allege or prove any specific fraud or irregularity. Immediately upon the filing of a petition or answer containing such a request for a recount, accompanied by the required deposit, the judge having jurisdiction shall name sufficient counters to conduct the recount, and upon the date set for the trial of the contest as provided in this Part, shall proceed in open court or at the place where the absentee ballots are located to cause the absentee ballots to be recounted and the result of the recount to be announced publicly. Immediately upon the filing of the petition, whether the petition contains an application for a recount as hereinabove provided or not, the judge or, in his absence, the clerk of the court shall issue an order directing the contestee to answer the petition within five days after service upon him of a certified copy and order. The contestee shall answer not later than 10:00 a.m. on the fifth day after service, including any intervening Sunday and legal holiday. However, if the fifth day falls on a Sunday or other legal holiday, then it may be filed on the next succeeding legal day. At that time, whether the contestee has answered or not, the court shall proceed without further delay and in a summary manner to try the issue presented. The trial shall be in open court or in chambers, without a jury.
"C. Either party may take evidence relative to the facts specified or to be specified in the petition at any time before the trial, on giving the other party two days notice of the time and place the evidence is to be taken. The evidence may be taken before any officer authorized to administer oaths, who may issue process to compel the attendance of witnesses and the production of documentary evidence of any kind.
"D. The court of original jurisdiction shall render judgment within twentyfour hours after the case is submitted.
"E. The party cast may appeal as in other cases, upon giving bond for a sum to be fixed by the court to cover all costs of court. However, the appeal shall be filed in the court of appeal of appropriate jurisdiction within not more than five days from the rendition of the judgment, and shall be tried on the original record and by preference over all other cases whatsoever. The appellate court shall decide the issue within twenty-four hours after submission.
"F. Upon the perfecting of an appeal the clerk of court shall immediately notify the appellate court in writing. The appellate court shall immediately set the appeal down for hearing, without awaiting the actual lodging of the appeal, and shall hear the appeal at the earliest practicable moment.
"G. If a trial of a case appealed to the court of appeal is desired when the courts are in vacation, the judges composing the court shall meet in special session without delay. No application for a rehearing shall be entertained by any court, but the courts may upon their own motion correct manifest errors to which their attention may be called.
"H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election."
La. R.S. 18:420 is part of the open election system adopted by the legislature in 1975. (Acts of 1975, No. 1). It provides a statutory vehicle for disputing the result of a primary election, and is also made applicable to the contest of a general election by La. R.S. 18:841. However, La. R.S. 18:420 was derived almost verbatim from *162 La. R.S. 18:364, which, before adoption of the open election system, provided the basis and procedure for contests of elections held by direct primary for political party nominations of candidates. Therefore, we will be guided by the jurisprudence under La. R.S. 18:364, and its predecessor statutes, in deciding issues arising from election contests involving the open election system.
The trial judge was correct in his view that the legislature could not authorize a court to exercise a power not belonging to the judicial branch of government.La.Const, art. If (1974). However, La. R.S. 18:420 does not constitute an attempt to contravene this constitutional limitation. The statute establishes the court's jurisdiction to hear, try and determine election contests and sets forth the procedure for such a judicial inquiry. The court's duty is to ascertain the truth of allegations that irregularities, fraud or incorrect counting of absentee ballots affected the outcome of the election and to declare the correct result of the contested election. Thus the principal function of the court in such a proceeding is clearly judicial, and its role in appointing counters and causing them to recount absentee ballots is incidental to and in aid of this function.
Generally, unless the constitution otherwise provides, the legislature may authorize courts or judges in connection with the exercise of judicial powers, duties, and functions, to appoint officers for the performance of duties which are not strictly judicial. See 16 C.J.S. Constitutional Law § 163. Cf. State v. Sauls, 226 La. 694, 77 So.2d 8 (1954); State v. Jackson, 134 La. 599, 64 So. 481 (1914), While it may be admitted that the act of appointment is not a judicial act in and of itself, in the constitutional sense, no more is it an executive act in that sense, aiding as it does the exercise of the judicial power of the state in its search for truth. People v. Strong, 114 Cal.App. 522, 300 P. 84 (1931).
The main purpose of La. R.S. 18:420 is to authorize the judicial determination of election controversies. The action required of the trial judge in appointing counters and causing them to conduct a recount of absentee ballots is in furtherance of this purpose. Therefore, we hold that the statute does not demand that a court exercise non-judicial power.
Defendant Fusilier has advanced a number of other arguments, but we find in none of them sufficient merit to warrant affirming the decisions of the district court. In answer to defendant's complaint that the petitions failed to allege fraud or irregularity but merely stated that a recount would alter the result of the election, we point to the settled jurisprudence and the plain wording of the statute that "[i]t shall not be necessary in order to obtain the recount to allege or prove any specific fraud or irregularity." La. R.S. 18:420(B). Gremillion v. Rinaudo, 240 So.2d 237 (La.App.1st Cir. 1970); Brown v. Adams, 9 So.2d 699 (La.App. 2d Cir. 1942).
We also reject the defendant's contention that one of the suits was premature because it was brought before the official promulgation of the result of the election and not "within two days after the official promulgation"as required by La. R.S. 18:420(H). In Knight v. Ragan, 31 La.Ann. 289 (1879) we rejected this argument, holding that a similar statute prescribed a time after which the suit cannot be brought, but does not prevent the exercise of a legal right before the beginning of the prescribed term.
Defendant also argued that the appeal in these cases was premature because taken before the delays for a new trial had elapsed. However, La.R.S. 18:420(G) provides:
"* * * No application for a rehearing shall be entertained by any *163 court, but the courts may upon their own motion correct manifest errors to which their attention may be called."
Although the statute does not specifically bar new trials we think the legislature's intention was to expedite the disposition of election contests by prohibiting reconsideration at any level of the court system.
Contrary to defendant's argument, there is no basic inequity in the statute which allows a recount of absentee ballots only, because it is not feasible to recount votes recorded on a voting machine. And for that reason these votes are transcribed under procedural safeguards provided by La.R.S. 18:1193. Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292 (1957).
Finally, it has been decided, contrary to defendant's contention, that the absentee statute meets the constitutional requirements of fairness and secrecy. Downs v. Pharis, 122 So.2d 862 (La.App.3rd Cir. 1960).
Decree
For the foregoing reasons, the judgment in favor of Walter Lee, Clerk of Court, and Conrad Fusilier and against the plaintiff, in No. 57,321, and the judgment in favor of Evangeline Parish Board of Supervisors of Elections against the plaintiff in No.57,323, dismissing the plaintiff's suits, are reversed, and both suits are remanded to the trial court for further proceedings according to law and consistent with the views herein expressed. The costs of these appeals are to be paid for by the defendants. Taxation of other costs is to await final disposition of the cases.
REVERSED AND REMANDED.