886 So.2d 1084 (2004)
FORUM FOR EQUALITY PAC, a Registered Louisiana Political Action Committee, Laurence E. Best, Jeanne M. Leblanc, and William A. Schultz
v.
CITY OF NEW ORLEANS and The Honorable W. Fox McKeithen, in his Official Capacity as Secretary of State of Louisiana Only, and not Individually.
No. 2004-C-2185.
Supreme Court of Louisiana.
September 2, 2004.
Writ denied.
CALOGERO, C.J., Concurs and Assigns Reasons.
CALOGERO, C.J., concurring.
While I might prefer to have the constitutional challenges which plaintiffs present resolved by this court in advance of the election, I cannot say that the holding of the court of appeal, to the effect that the issue is premature and cannot be raised until after the election passes, is erroneous.[1]
I concur in order to point out that, of the issues the plaintiffs raise, the most serious argument is that the proposed amendment violates La. Const. art. XIII, § 1(B), which prohibits the presentation of more than one object in a single amendment.
Plaintiffs argue that the proposed amendment compels voters to decide with a single vote whether to deny to gay couples both the right to marry and the right to enter into such arrangements as civil unions,[2] and does not permit voters to decide to allow one and not the other. There are a significant number of voters who would support permitting gay couples to form civil unions, even though they would deny these couples the right to marry. Recent poll results, which support a reasonable presumption, indicate that more than 30% of adults nationwide agree with the statement, "Gay couples should be *1085 allowed to form civil unions but not legally marry." See CBS News/New York Times Poll (July 11-15, 2004), available at http:// www.pollingreport.com/civil.htm. The court may yet have to address this constitutional question in a post-election challenge.
NOTES
[1] As the court of appeal noted, La.Rev.Stat. 18:1405(C) specifically provides that "[a]n action contesting an election on a proposed constitutional amendment shall be instituted within ten days after promulgation of the results of the election...." (emphasis added). The election code does not provide for any means to challenge a proposed amendment before the election. The plaintiffs contend that, in the absence of a specific provision permitting a pre-election challenge, the court should look to the Code of Civil Procedure to fill the gap. The court's own jurisprudence provides some support for the idea that the court may entertain election challenges before the beginning of the statutory period the election code prescribes. See, e.g., McGee v. Lee, 328 So.2d 159, 162 (La.1976) (holding that a statute stating that "[n]o contest shall be entertained unless brought within two days after the official promulgation of the result of the election" only prescribed a time after which suit could not be brought, but was not intended to prevent a challenge before the beginning of the statutory term); Knight v. Ragan, 31 La. Ann. 289, 1879 WL 7092, at *1 (La.1879) (same). However, there is no authority that definitively grants the court the ability to decide a challenge to a proposed constitutional amendment before the election. Yet see Graham v. Jones, 198 La. 507, 3 So.2d 761, 767 (1941) (affirming the right of the judicial department generally to review whether the legislature has complied with constitutional requirements in attempting to amend the constitution).
[2] Besides prohibiting two persons of the same sex to marry, the amendment prohibits the recognition of any "legal status identical or substantially similar to that of marriage for unmarried individuals." This language could potentially foreclose not only civil unions, but also domestic partnership arrangements like those the City of New Orleans presently recognizes for purposes of allocating certain employee benefits. See New Orleans Municipal Code §§ 87-1 to 87-8.